251 S.W.2d 66 (1952)
HEALER
v.
KANSAS CITY PUBLIC SERVICE CO. (two cases).
Nos. 42910, 429II.
Supreme Court of Missouri Division No. 1.
September 8, 1952.
*67 Charles L. Carr, Thomas A. Costolow, Kansas City, for appellant.
Louis Wagner, Kansas City, and Walter A. Raymond, Kansas City, for respondent.
COIL, Commissioner.
The issues in these cases, consolidated on appeal, are identical. Plaintiff in Case No. 42,911 is the husband of plaintiff in Case No. 42,910. By her petition for $50,000, plaintiff-wife averred that while a passenger on defendant-appellant's streetcar she sustained injuries as the result of defendant's negligence. Plaintiff-husband sought $15,000 damages for loss of services and companionship and for expenses incurred by reason of injury to his wife.
On January 3 (all dates are in 1951), defendant took plaintiffs' depositions. On May 21, defendant filed a motion in each case seeking an order of court requiring the plaintiffs to sign their respective depositions unless either had some legal reason for not signing, and praying that, on failure to sign or to state a reason therefor, the pleadings of such plaintiff be stricken. Copies of these motions were served on plaintiffs' counsel on May 21 but no notice as to the time when these motions would be presented to the court appears to have been given. On May 24, defendant's motions were sustained and each plaintiff was given 30 days in which to sign his or her deposition. On July 9, defendant filed its motion in each case asserting that plaintiff had not signed the deposition, that the 30 days from May 24 had expired, and prayed for a judgment dismissing each plaintiff's case. Copies of these motions were served on plaintiff's counsel on July 9 but no notice as to the time when the motions would be presented to the court appears to have been served on either plaintiffs or their counsel. On July 17, defendant's motion to dismiss in each case was sustained "for failure of plaintiff to comply with order of court". On August 17, plaintiffs filed similar motions to set aside the dismissals. Plaintiff-wife's motion was:
"Motion to Set Aside Judgment. 1. Comes now plaintiff in the above-entitled cause and states that on July 9, 1951, defendant Kansas City Public Service Company served a motion upon counsel then representing the plaintiff, to-wit: Albert H. Osborne and Robert B. Sympson, a motion to dismiss; that plaintiff was not aware that said motion was pending and had no notice thereof and that no one appeared for the plaintiff and said cause was dismissed. Plaintiff further states that she was not advised that she had been required to sign her deposition and that plaintiff was ready and willing at all times to sign her deposition; that said deposition has now been signed by the plaintiff.
"2. Plaintiff states that counsel who were representing her in said cause had had disbarment proceedings filed against them and that they have not been active in the practice of law and have not properly defended plaintiff's cause; that said counsel have withdrawn and that plaintiff has obtained new counsel. Plaintiff further states that he has a meritorious cause of action and that it will greatly prejudice her if her cause is dismissed. She further states that the action on the part of the court was caused by no fault of hers and for the above reasons her cause of action should be reinstated and she should be permitted to pursue her cause of action against the defendant Kansas City Public Service Company.
"Wherefore, plaintiff prays the court to set aside the judgment of the court heretofore entered against her and reinstate her cause of action."
On September 21, plaintiff's motion to set aside was sustained in each case "and said cause was by the Court returned to the general docket." The judgments of dismissal, while not specifying that the dismissals were without prejudice, amounted to dismissals without *68 prejudice. This, because the record shows that these involuntary dismissals were entered without notice and opportunity to be heard. The motion to dismiss authorized by Section 510.140 RSMo 1949, V.A.M.S., is a motion which, together with notice of time of hearing thereof, must be served as provided in Section 506.060, subd. 4. Bindley v. Metropolitan Life Ins. Co., 358 Mo. 31, 37, 213 S.W.2d 387, 391; Crispin v. St. Louis Public Service Co., 361 Mo. 866, 237 S.W.2d 153, 154, 155.
Defendant has appealed from the judgments setting aside the judgments of dismissal, contending that the court was wholly without jurisdiction to set aside such judgments.
Plaintiffs contend that the court had jurisdiction to set aside the dismissals by virtue of Section 511.250, RSMo 1949, V. A.M.S. (all statutory references are to RSMo 1949, V.A.M.S.), providing for a motion to set aside a judgment for irregularities filed within three years after the expiration of 30 days from the date the judgment was rendered. Casper v. Lee, Mo.Sup., 245 S.W.2d 132, 137[5-8]. Plaintiffs further contend that the dismissals were authorized on the theory that their motions to set aside should be considered and treated as motions in the nature of writs of error coram nobis.
Inasmuch as the issues are the same in each case, we shall, for convenience, hereinafter refer to one plaintiff and one judgment. It is apparent that unless the judgment of dismissal on the face of the record was void, or unless plaintiff's motion to set aside could have been considered as a motion pursuant to the provisions of Section 511.250 or as a writ of error coram nobis, the trial court was without jurisdiction to set aside its judgment of dismissal. This is because, subsequent to the court's judgment of dismissal, no timely motion for new trial was filed and more than 30 days elapsed between the judgment of dismissal (July 17) and the action of the court in setting aside the judgment of dismissal on September 21. Section 510.370; Supreme Court Rule 3.25; Wooten v. Friedberg, 355 Mo. 756, 763[2], 198 S.W.2d 1, 5[2].
We, therefore, first determine whether it appears from the judgment itself, or upon the face of the proceedings antecedent to it, that the judgment of dismissal was void. Wooten v. Friedberg, supra, 198 S.W.2d 7; McIntosh v. Wiggins, 356 Mo. 926, 931, 204 S.W.2d 770, 772[6, 7]. If the trial court was without jurisdiction to render the judgment of dismissal for failure to comply with the order of the court directing plaintiff to sign a deposition within 30 days, then the judgment was void and the trial court had inherent power to eliminate from its records a nullity, and this court may consider a contention that the record shows the judgment attacked to be void even though raised in this court for the first time. McIntosh v. Wiggins, supra, 204 S.W.2d 772[3-5]; Simplex Paper Corp. v. Standard Corrugated Box Co., 231 Mo. App. 764, 775, 97 S.W.2d 862, 868[8]; Freeman on Judgments, Vol. 1, Fifth Ed., § 226, pp. 443-445; Hankins v. Smarr, 345 Mo. 973, 976[2], 137 S.W.2d 499, 501[3].
Section 510.140 provides in part: "For failure of the plaintiff to prosecute or to comply with this code or any order of court, a defendant may move for dismissal of an action or of any claim against him." (Italics ours.) Thus, if the trial court in this case possessed the judicial power to order plaintiff to sign a deposition within 30 days, the trial court, by virtue of Section 510.140, clearly had jurisdiction to adjudge dismissal of plaintiff's case for failure to comply with that order. Crispin v. St. Louis Public Service Co., supra, 237 S.W.2d 155[1]; Carr, Mo.Civ.Proc., § 799, p. 831 (Discussion). But jurisdiction to dismiss for failure to comply with an order of the court, whether by inherent power or by authority conferred by Section 510.140, presupposes an order lawfully made, one which was within the judicial power of the court to enter.
Section 492.340 is: "When the testimony is fully transcribed the deposition shall be submitted to the witness for examination and shall be read to or by him, unless such examination and reading are waived by the witness and by the parties. *69 Any changes in form or substance which the witness desires to make shall be entered upon the deposition by the officer with a statement of the reasons given by the witness for making them. The deposition shall then be signed by the witness, unless the parties by stipulation waive the signing or the witness is ill or cannot be found, or is dead or refuses to sign. If the deposition is not signed by the witness, the officer shall sign it and state on the record the fact of the waiver or of the illness, or death or absence of the witness or the fact of the refusal to sign together with the reason, if any, given therefor; and the deposition may then be used as fully as though signed, unless on a motion to suppress the court holds that the reasons given for the refusal to sign requires rejection of the deposition in whole or in part." (Italics ours.)
This language is clear and unambiguous. The section prescribes the procedure to be followed where a witness refuses to sign a deposition, with or without stating a reason for such refusal. It provides that the "officer" shall sign the deposition and state of record the fact of the refusal by the witness to sign "with the reason, if any, given therefor;" and further provides that the deposition may then be used as fully as though signed, unless on motion to suppress the court holds that the reasons for refusal to sign require a rejection of the deposition in whole or in part. Clearly, then, if a witness refuses to sign a deposition and gives no reason therefor, and the "officer" makes the required certification, the deposition is treated for all purposes as having been signed.
This section of the Code of Civil Procedure contemplates the refusal of a witness to sign without stating a reason, and prescribes the procedure in such event. As stated, it prescribes that if a witness fails to sign without stating a reason, the deposition may be used as though signed. The effect of this section is to prohibit an order requiring a witness to sign a deposition within 30 days under the facts in this case as reflected by the record here. Such an order was in the teeth of the provisions of the statute and void. State ex rel. Abeille Fire Ins. Co. v. Sevier, 335 Mo. 269, 293[15], 73 S.W.2d 361, 373[26-30].
It must be made clear that, while defendant's motion to require plaintiff to sign the deposition asked for an alternative order, i. e., an order requiring plaintiff to sign the deposition or furnish some legal reason for not signing, the order of the court was not qualified in any way. The record entries in the transcript reflecting the orders in the two cases are: "the motion of defendant Kansas City Public Service Company to require plaintiff to sign deposition or for the court to strike pleadings of plaintiff from the file for failure to so do was sustained and plaintiff was given 30 days to sign same"; and "defendant's motion to require plaintiff to sign deposition is by the court sustained and plaintiff given 30 days in which to sign her deposition." Thus, we are not here concerned with the power of the trial court to order plaintiff to appear before the officer who had taken the deposition and either sign or refuse to sign. As noted, Section 492.340 contemplates a refusal to sign with or without reason. Undoubtedly, therefore, the trial court has inherent power to direct plaintiff to comply with the statute and appear before the officer to sign the deposition or refuse to sign it, and has authority to dismiss plaintiff's action for failure to comply with such an order. In the instant case, however, plaintiff was not ordered to appear and sign or refuse to sign but was ordered to sign the deposition within 30 days. This order was, as noted, in violation of the intent of the express provisions of Section 492.340 providing for certain procedure (not dismissal) in the event a witness refuses to sign a deposition with or without assigning a reason.
Nor are we here concerned with, and we do not rule, whether a trial court by virtue of its inherent power to effect the orderly and expeditious transaction of business coming before it might, despite Section 492.340, make a valid order requiring a plaintiff to sign a deposition within a certain time under some other conceivable factual situations. All that is before us is a record containing (so far as material *70 to this question) the petition, the answer, defendant's motion to require that the deposition be signed, the order of the court requiring that the deposition be signed within 30 days, defendant's motion to dismiss, and judgment of dismissal for failure to comply with the order to sign the deposition in 30 days. In brief, if there was a factual situation in existence under which the order to sign the deposition in 30 days was a valid exercise of the court's inherent power, such does not appear on the record here. On the contrary, the record before us affirmatively demonstrates that the trial court's order requiring plaintiff to sign his deposition in 30 days was in contravention of the terms and provisions of Section 492.340 and thereby was without the judicial power of the court.
Jurisdiction to adjudicate includes not only jurisdiction of the subject matter, and of the res or of the parties, but also includes the judicial power to render the particular judgment in the particular case. State ex rel. Lambert v. Flynn, 348 Mo. 525, 532[4], 154 S.W.2d 52, 57 [6, 7]. In the instant case, the trial court had jurisdiction of the parties and of the subject matter and had jurisdiction to enter a judgment of dismissal for failure to comply with any order it might lawfully make. This jurisdiction to dismiss for failure to comply exists both by virtue of the inherent power of the court and by virtue of the specific provisions of Section 510.140. For the reasons stated, however, the trial court did not have jurisdiction to adjudge a dismissal in this particular case for failure to comply with an order which the court had no judicial power to make. The judgment of dismissal for failure to comply with a void order was therefore itself void and a nullity.
The judgment of the trial court in each of the cases, in so far as it sets aside the judgment of dismissal of July 17, 1951, and reinstates the case on the general docket, is affirmed.
VAN OSDOL and LOZIER, CC., concur.
PER CURIAM.
The foregoing opinion by COIL, C., is adopted as the opinion of the court.
All concur.