Rita VILSICK, et al.,
Plaintiffs/Appellants,

v.

FIBREBOARD CORPORATION, et al., Defendants/Respondents.

No. 62670.

Missouri Court of Appeals, Eastern District, Division One.

July 27, 1993.

Motion for Rehearing and/or Transfer to Supreme Court Denied Sept. 8, 1993.

Application to Transfer Denied Oct. 26, 1993.

Walter L. Floyd and Alan J. Agathen, Clayton, for plaintiffs/appellants.

David S. Slavkin and Robert G. Lancaster, St. Louis, Dennis J. Dobbels, Polsinelli, White, Vardeman & Shalton, P.C., Kansas City, MO, Bradley McMillan, Peoria, IL, Tim Seifest, Edwardsville, IL, Kay G. Noonan, Lawrence R. Leonard, Watson, Ess, Marshall & Enggas, Kansas City, Janice Dansby, Abowitz & Welch, Oklahoma City, OK, Joel A. Poole, Polsinelli, White, Vardeman & Shalton, P.C., Kansas City, Kristine McGee, Brown & James, P.C., St. Louis, for defendants/respondents.

AHRENS, Presiding Judge.

Plaintiffs, Rita A. Vilsick, Thomas P. Burton, Mary C. Burton, William L. Burton, and James C. Burton, appeal from an order of the Circuit Court of the City of St. Louis dismissing with prejudice their petition for wrongful death for failure to refile the petition within the one-year "savings" statute, § 516.230 RSMo 1986. We affirm.

Plaintiffs' petition, filed March 25, 1992, sought damages on negligence and products liability theories against eleven corporations involved in the manufacturing, processing, and sale of asbestos and asbestos-related products, defendants Fibreboard Corporation; GAF Corporation; Owens–Corning Fiberglass Corporation; Owens–Illinois, Inc.; Pittsburgh–Corning Corporation; Combustion Engineering, Inc.; Armstrong World Industries, Inc.; AC & S, Inc.; Garlock, Inc.; Keene Corporation; and National Gypsum Company.[1]

Defendants each filed motions to dismiss plaintiffs' petition, alleging the petition was untimely filed in violation of the one-year "savings" statute, § 516.230 RSMo 1986. Defendants contended the case was time-barred because a prior lawsuit between the parties had been dismissed without prejudice for failure to prosecute in October, 1990, more than one year before the filing of the present case. The trial court sustained defendants' motions and dismissed plaintiffs' petition with prejudice.

The relevant facts are as follows. Plaintiffs originally filed their lawsuit against defendants on December 5, 1983. Several years later, on October 9, 1990, the trial court entered the following order:

> This cause shall stand dismissed without prejudice on October 19, 1990 for failure to prosecute, at plaintiff's [sic] costs.
>
> Dismissal Order may be set aside upon timely filing of discovery schedule and docket card setting the cause for trial on a date certain.

The order was included in the court file, but no notice of the dismissal order was mailed to plaintiffs or defendants. Pursuant to Local Rule 37 of the Circuit Court of the City of

St. Louis, notice was published in the St. Louis Daily Record on October 11, 1990, that the case was on the dismissal docket of October 19, 1990.[2] Plaintiffs' case was thereafter dismissed. Plaintiffs claim they did not receive notice of entry of the dismissal as is required pursuant to Rule 74.03.

Plaintiffs filed no pleadings or discovery in the case from October, 1990, until February, 1992. On February 18, 1992, plaintiffs attempted to file a notice of hearing on plaintiffs' motion for a trial setting. On that date, plaintiffs discovered the case had been dismissed in October, 1990. Plaintiffs did not file a motion to set aside or vacate the judgment, but rather refiled suit against defendants. The petition filed in the second case did not allege the trial court in the first case lacked jurisdiction over the parties or the subject matter, or challenge the judgment in any way. The dismissal of the second cause of action is the subject of this appeal.

Plaintiffs contend the trial court erred in dismissing their second suit because dismissal of the first suit was invalid in two respects. First, plaintiffs assert that because the order dismissing the original suit stated the case would be dismissed "ten days hence," it was invalid as failing to operate *in praesenti* and was in fact a nullity, so that no judgment was ever entered in the first case. Second, plaintiffs argue dismissal of the first suit violated their due process rights to predismissal and postdismissal notice, as the court did not send plaintiffs notice the case was on a dismissal docket or send them notice once the case had been dismissed.

In their first point, plaintiffs assert the order of October 9, 1990, was invalid as a dismissal, in that it did not operate *in praesenti* and was not followed by an order subsequently dismissing the case. In support of

---

**1.** Plaintiffs' claims against Combustion Engineering, Inc. were voluntarily dismissed with prejudice on June 29, 1992. Plaintiffs' appeal was dismissed as to Garlock, Inc. on April 22, 1993.

**2.** Rule 37 of the Local Rules of Court, Missouri Circuit Court, 22nd Judicial Circuit (St. Louis City) provides:

RULE 37 Dismissals

37.1 Dismissal Docket

37.1.1 Civil Jury Docket—The Presiding Judge of the Circuit Court shall, whenever he

deems it advisable, upon not less than ten days' notice published in the St. Louis Daily Record, call such of the causes pending in Division No. 1 as he shall select. Upon such call, any cause shall, in the discretion of the Presiding Judge, be continued or dismissed, and the failure of the plaintiff or appellant to respond in person, or by attorney, at the call of such docket, as herein provided, shall be deemed and taken as grounds for dismissal of the cause or appeal for failure to prosecute.

this claim, plaintiffs rely on *Wallace v. Hankins*, 541 S.W.2d 82 (Mo.App.1976), and *State ex rel. Great Am. Ins. Co. v. Jones*, 396 S.W.2d 601 (Mo. banc 1965). These decisions are inapposite.

■ *Wallace* involved a judgment in favor of the plaintiffs for specific performance which was conditioned upon performance of certain future acts or, alternatively, judgment in ejectment for the defendants. A second judgment extended the time of performance. These judgments were found to be conditional and alternative and therefore not final, appealable judgments because they did not perform *in praesenti* and left to "speculation and conjecture what their final effect may be." *Wallace*, 541 S.W.2d at 84. In contrast, the dismissal here was not "dependent on the performance of future acts by a litigant." *See id.* The order specifically stated the cause "shall stand dismissed." The order was not conditional, although it was not effective for ten days and gave plaintiffs the right to have the order "set aside" upon timely filing of discovery schedule and docket card setting the cause for trial on a date certain. Further, the order here was not intended to be an adjudication of the case on the merits. The order of dismissal was without prejudice, which allowed plaintiffs to refile their action unless it was otherwise barred. Rule 67.03. The dismissal without prejudice was a nonsuit within the meaning of § 516.230, and plaintiffs could have timely refiled their petition within one year of the dismissal. Section 516.230 RSMo 1986. *See also Ritter v. Aetna Cas. & Sur. Co.*, 686 S.W.2d 563, 564–565 (Mo.App.1985).

The *Jones* case is also distinguishable. *Jones* involved an order of dismissal which was stayed by an order made the next day. The stay order was later extended pending an appellate ruling on a writ of mandamus. Under those circumstances, the dismissal order was found to be only an "indication of the ruling and judgment [the court had] decided to enter", and therefore was interlocutory and not a final judgment. *Jones*, 396 S.W.2d at 602–03. The order in the present case, however, was definite and certain in stating the cause "shall stand dismissed" on October 19, 1990.

Plaintiffs, citing *Healer v. Kansas City Pub. Serv. Co.*, 251 S.W.2d 66 (Mo.1952), also contend that because the dismissal order was self-executing ten days after the date it was entered, the order was invalid and no judgment was ever entered in the first case. *Healer*, however, involved an order requiring a witness to sign a deposition within thirty days, in violation of a state statute. The appellate court found the order invalid because it contravened the statute and was entered without the judicial power of the court. *Id.* at 70. The *Healer* court did not decide the issue of whether the trial court might have entered a valid order requiring plaintiff to sign a deposition within a certain time under other circumstances. *Id.* at 69. Here, plaintiffs do not allege that the trial court did not have authority to enter a dismissal order for failure to prosecute. The future effective date of the dismissal order did not invalidate the order. *See State ex rel. Berbiglia, Inc. v. Randall*, 423 S.W.2d 765 (Mo. banc 1968) (the court found that a decree stating a lease "should be and is voided from and after 30 days from this date" was neither interlocutory nor conditional). Point one is denied.

In point two, plaintiffs allege dismissal of the first case was void because plaintiffs did not receive notice that the court had placed the case on a dismissal docket or notice once the case had been dismissed. Plaintiffs contend both the notice by publication of the dismissal docket and the court's failure to send notice after the case had been dismissed violated due process requirements.

■ Plaintiffs' second claim of error pertains to whether the dismissal of the first cause of action was void. The dismissal of a case, however, may not be collaterally attacked for the purpose of permitting the same cause of action to be pursued by the same parties in a newly filed case. *See, e.g., Bindley v. Metropolitan Life Ins. Co.*, 358 Mo. 31, 213 S.W.2d 387, 390 (1948); *Warren v. Associated Farmers, Inc.*, 825 S.W.2d 901, 905 (Mo.App.1992); *State ex rel. Vicker's, Inc. v. Teel*, 806 S.W.2d 113, 116–17 (Mo.App. 1991). A collateral attack is an attempt to impeach a judgment in a proceeding not instituted for the express purpose of annulling the judgment. *Beil v. Gaertner*, 355 Mo. 617, 197 S.W.2d 611, 613 (1946).

In *Bindley*, 213 S.W.2d 387, the trial court dismissed the action for want of prosecution. Approximately eleven months later, the plaintiff re-filed the action, and, on the motion of defendants, the case was again dismissed. Plaintiff appealed the second dismissal. The court found that the plaintiff could not attack the judgment which had been entered in the first case in the appeal of the second dismissal, stating, "the judgment of dismissal is not subject to collateral attack." *Id.*, 213 S.W.2d at 390.

Similarly, in *Teel*, 806 S.W.2d 113, the trial court dismissed the plaintiff's cause of action for failure to prosecute. The plaintiff did not challenge the dismissal, and, seven weeks later, re-filed the action. The defendant filed a motion to dismiss the second action, which the trial court overruled. A writ of prohibition was subsequently filed. In the writ proceedings, the plaintiff argued his second case should not be dismissed, as the first order of dismissal was void. The *Teel* court rejected this argument, finding that the dismissal of the first case could not be collaterally attacked in the subsequent action. *Id.* at 116–17.

Finally, in *Warren*, 825 S.W.2d 901, the plaintiff's case was dismissed for failure to prosecute. Following the dismissal, the plaintiff filed a motion to set aside the dismissal, which was denied. The plaintiff did not appeal the denial of the motion, but re-filed his cause of action. The second case was thereafter dismissed, and the plaintiff appealed. On appeal, the plaintiff attacked dismissal of the first case on due process grounds. The court, citing the *Bindley* case, found that the plaintiff could not collaterally attack dismissal of the first case in the second case. *Id.* at 905.

█ Here, plaintiffs are improperly attempting to collaterally attack the first judgment of dismissal. After learning that their first case had been dismissed, plaintiffs did not file a motion to set aside or to vacate the order of dismissal. *See Bindley v. Metropolitan Life Ins. Co.*, 335 S.W.2d 64 (Mo.1960) (the plaintiff filed a motion to set aside an order of dismissal two years and eight months after the case was dismissed without prejudice). Plaintiffs chose to re-file the action, even though the one-year savings provision had expired. Plaintiffs therefore filed this case without challenging the prior dismissal.

Defendants' motions to dismiss this case were based upon the fact that the case was untimely filed under § 516.230. The record indicates plaintiffs did not file any memorandum in opposition to or in response to the motions to dismiss. After the motions were sustained, plaintiffs did file a motion for rehearing, raising several of the issues before us on appeal. The motion for rehearing, however, was never scheduled for hearing or presented to the trial court. The sole issue before the trial court was whether plaintiffs' action was barred by the statute of limitations, since the case had been dismissed for failure to prosecute more than one year earlier. The trial court did not err in dismissing plaintiffs' case.

Even considering the merits of plaintiffs' claim that the first dismissal was void, we find the trial court properly dismissed plaintiffs' second case. In support of their claim that the predismissal notice by publication was constitutionally defective, plaintiffs rely on *Mullane v. Hanover Bank & Trust Co.*, 339 U.S. 306, 315, 70 S.Ct. 652, 657, 94 L.Ed. 865, 874 (1950). In *Mullane*, the court considered the sufficiency of notice by publication given to beneficiaries of a judicial settlement of accounts by the trustee of a common trust. The Supreme Court found that notice by publication in that situation was inadequate. *Mullane*, 339 U.S. at 319–20, 70 S.Ct. at 660, 94 L.Ed. at 876. Our Supreme Court, however, has determined that *Mullane* is inapplicable to interlocutory orders of dismissal without prejudice which adjudicate no personal or property right of plaintiff, where the court has jurisdiction of the parties and the subject matter. *See Bindley*, 335 S.W.2d at 68–70. The *Bindley* court noted that *Mullane* and other cases cited by plaintiffs concerned the validity of initial notices of new proceedings, where the notice was a prerequisite of due process to the exercise of jurisdiction over the person or the property. *Id.* at 68.

The *Bindley* court further found that a trial court has the inherent right and power to, on its own motion and independently of statute or court rule, dismiss an action for

failure to prosecute. *Id.* In light of that inherent power, that court determined that notice by publication in the "Daily Record" was reasonably calculated to apprise the plaintiff of a trial setting, and, when the parties failed to appear for trial, of dismissal of the case for failure to prosecute. The *Bindley* court found that the "Daily Record" in Kansas City was a medium generally used by the circuit courts for transmitting notice and by lawyers for obtaining notice of orders made in pending cases, and that publication by notice in the "Daily Record" was constitutionally sufficient. *Id.* at 69.

■ We find *Bindley* persuasive here. The "St. Louis Daily Record" is a medium generally used by the circuit court of St. Louis City for transmitting notices, and by, attorneys for obtaining notice of trial and dismissal dockets. The trial court had the inherent power to dismiss plaintiffs' action for failure to prosecute, and notice by publication was reasonably calculated to apprise plaintiffs the case was on a dismissal docket.

Plaintiffs also cite *Mennonite Board of Missions v. Adams*, 462 U.S. 791, 103 S.Ct. 2706, 77 L.Ed.2d 180 (1983), in support of the position that notice by publication was constitutionally defective. In *Adams*, the court invalidated notice by publication and "posting" as to a mortgagee of property being sold for nonpayment of taxes. *Adams*, 462 U.S. at 798–800, 103 S.Ct. at 2711–2712, 77 L.Ed.2d at 187–88. *Adams*, however, is distinguishable on the same basis as *Mullane*, in that it involved the initial notice of a new proceeding necessary to exercise jurisdiction over a party. Here, the notice by publication in the "St. Louis Daily Record", when the court had maintained jurisdiction over the case and the parties for seven years, was not a deprivation of plaintiffs' due process rights.

■ We also find that the court's failure to send plaintiffs notice the case had been dismissed, pursuant to Rule 74.03, would not warrant setting aside the first dismissal when plaintiffs failed to file any motion to set aside or vacate the judgment within the six-month time limitation contained in the rule. *See Rice v. Rice*, 757 S.W.2d 644, 645 (Mo. App.1988). Rule 74.03 requires service of a notice of the entry of an order or judgment by mail, in the manner described in Rule 43.01, upon each party who was not present in court in person or by attorney at the time of the entry of the order or judgment. Rule 74.03. A trial court has jurisdiction to set aside an order of judgment when no notice has been sent to a party. *Warren*, 825 S.W.2d at 904. The rule, however, clearly and unambiguously sets forth a six-month time limitation for a party to request that a trial court set aside an order entered without notice. Rule 74.03. Our Supreme Court, in promulgating Rule 74.03, has determined the amount of time a party has to challenge an order when he or she does not receive proper notice. Plaintiffs' position on appeal would require this court to ignore the time limitation set forth by our Supreme Court and to extend the amount of time allowed to challenge a judgment or order.

■ In addition, to permit plaintiffs more than six months to challenge the judgment would not only be contrary to the clear terms of the rule, but would reward a lack of diligence in monitoring the status of the case. A party has a continuing duty to monitor a case from the filing of the case until final judgment. *Owens v. Vesely*, 620 S.W.2d 430, 433 (Mo.App.1981). Here, since the case was originally dismissed without prejudice, plaintiffs had one year in which to re-file their cause of action. If plaintiffs had discovered the dismissal within that time frame, they could have timely re-filed their case.

Plaintiffs rely on *State ex rel. Kairuz v. Romines*, 806 S.W.2d 451 (Mo.App.1991), for their claim that the first dismissal was void. The *Kairuz* case is distinguishable from this case for several reasons. In *Kairuz*, the defendant filed a motion to dismiss the plaintiff's case because of the plaintiff's failure to answer interrogatories. Following a hearing on the motion, the trial court dismissed the plaintiff's case with prejudice. After learning the case had been dismissed, the plaintiff's attorney went to the courthouse to locate the file. Without notice to the defendant's attorney, counsel talked with the trial judge. The plaintiff's attorney filed no written motion to set aside or vacate the dismissal order. Thereafter, the trial court, without notice to the defendant, set aside the order of dismissal. The defendant did not receive any notice of a request to set aside the order, or of the order setting aside the judgment. *Id.*

at 452–53. Here, plaintiffs received notice by publication that their case would be dismissed, and there is no indication in the record the defendants had any *ex parte* contact with the trial court regarding the dismissal. Also, in *Kairuz*, the defendant's attorney had no duty to continue monitoring the case once the trial court granted the defendant's motion to dismiss and dismissed the case with prejudice. In this case, plaintiffs were unaware the case had been dismissed and had a continuing duty to keep abreast of the proceedings of the case. *See Owens*, 620 S.W.2d at 433. Finally, the defendant in *Kairuz* directly challenged the order of the trial court setting aside the dismissal order, and did not collaterally attack the order in a subsequent action, as is the situation here.

The trial court did not err in dismissing plaintiffs' cause of action. The judgment is affirmed.

REINHARD and CRIST, JJ., concur.