Joseph A. HENNINGSEN, et al., Appellants/Plaintiffs,

v.

INDEPENDENT PETROCHEMICAL CORPORATION, et al., Respondents/Defendants.

No. 63695.

Missouri Court of Appeals, Eastern District, Division Three.

Jan. 11, 1994.

Application to Transfer Denied May 26, 1994.

Kortenhof & Ely, Ben Ely, Jr., Kohn, Shands, Elbert, Gianolakis & Giljum, Robert T. Haar, St. Louis, Morris B. Chapman & Associates, Ltd., Morris B. Chapman, Granite City, IL, Pratt, Bradford & Tobin, Glenn E. Bradford, East Alton, IL, O'Gorman & Sandroni, St. Louis, for appellants, plaintiffs.

Lewis, Rice & Fingersh, Richard A. Ahrens, St. Louis, for respondent-defendant IPC.

Hunton & Williams, Lewis T. Booker and Joseph C. Kearfott, Richmond, VA, Armstrong, Teasdale, Schlafly & Davis, Joan Z. Cohen, St. Louis, for respondent-defendant Syntex Agribusiness Inc. and Syntex (U.S.A.) Inc.

Roberts, Perryman, Bomkamp & Meives, P.C., Ted L. Perryman and John L. Walker, St. Louis, for respondent-defendant Nepacco.

Russell M. Bliss, pro se.

Jerry Russell Bliss, pro se.

Before SIMON, P.J., and PUDLOWSKI and KAROHL, JJ.

PER CURIAM.

This appeal involves two related cases. In the first, fifty-two plaintiffs stated a cause of action against numerous defendants alleging product liability for personal injury and wrongful death resulting from exposure to dioxin. On October 9, 1990, the presiding judge of the circuit entered an order dismissing the "dioxin" case for failure to prosecute.

More than one year thereafter plaintiffs filed a petition in equity to obtain an order setting aside the dismissal. Plaintiffs appeal an order denying relief after a trial.

In accord with our affirmative duty to determine jurisdiction, *Estate of Sawade v. State*, 787 S.W.2d 286, 288 (Mo. banc 1990), we find the equity court did not acquire subject matter jurisdiction. We conclude that the order dismissing the dioxin case was void because: (1) it was entered on October 9, 1990, without actual or constructive notice to any party; (2) it was entered in violation of local Rule 37 which provided a procedure for dismissal of pending lawsuits for failure to prosecute but was ignored; and, (3) the dismissal was arbitrary because there was no effort to determine and no factual support for a finding that plaintiffs failed to prosecute the dioxin lawsuit.

We hold the equity court did not acquire subject matter jurisdiction to set aside a valid judgment on the issues alleged in the petition and decided by the court adversely to plaintiffs; it was void when entered. Because our jurisdiction is derivative we do not have jurisdiction to reach the merits. Sections 512.160.1 RSMo 1986; *Turner v. General Motors Corp.*, 750 S.W.2d 76, 77 (Mo.App. 1988). The court could have decided the dismissal judgment was void on the grounds we discuss in this opinion, but it did not so hold. The dioxin lawsuit is still pending in the Circuit Court of the City of St. Louis as Joseph A. Henningsen, et al., v. Independent Petrochemical Corporation, et al., Cause No. 832–05063. Appeal dismissed.

On October 9, 1990, the presiding judge entered the following order in many pending civil cases including the dioxin case:

## COURT ORDER

This cause shall stand dismissed without prejudice on October 19th, 1990 for failure to prosecute, at plaintiff's [sic] costs.

Dismissal Order may be set aside upon timely filing of discovery schedule and docket card setting the cause for trial on a date certain.

The presiding judge entered the order on those civil cases pending more than two years and not on a trial docket. No other criteria was applied, particularly, there was no requirement that a case was not being prosecuted as required by any reasonable standard. No examination was made of the files to determine whether there was any factual support for a present or subsequent finding of failure to prosecute.

No actual or constructive notice was given to the parties that the dismissal order would be entered on October 9, 1990. On October 12, 1990, the St. Louis Daily Record published a list of cases for dismissal on October 19, 1990. However, there was no dismissal docket on October 19, 1990. The presiding judge testified that in those cases where the order was not "*set aside*" the dismissal was "automatic."

The presiding judge designed, adopted and employed a system he called a "bright line system." He acknowledged that the existing procedure [in accord with local Rule 37] involved two notices to the parties. There is evidence that a postcard which announced a dismissal docket "of *10–9–90*," not October 19, 1990, was received by one of the defendants on October 10, 1990. There is no evidence that any notice of any kind was intended, or given, on or before October 9, 1990. The presiding judge had no knowledge whether notices or copies of the order of dismissal were ever mailed to any party. He didn't apply any local rule. He acknowledged that no examination was made of any of the files regarding factual support for determining a failure to prosecute. He testified the case was dismissed on the date of the notice. The judge also acknowledged that he "decided [he] was going to run 'more or less automatic' a little different system with regard to moving the cases, the older cases off the docket." On October 31, 1990, the Daily Record published a list of cases that had been dismissed.

At the time of the dismissal of the dioxin case there were a number of other dioxin cases pending in the circuit. Each was a complex case involving many parties and likely to require lengthy trials. Discovery procedures and settings were supervised by other judges together with the presiding judge. For these reasons they were not

processed in the same manner as other civil damage suits pending in the circuit. Special requirements for discovery and setting were recognized.

Counsel for plaintiffs did not discover the dismissal until November 1991, more than twelve months after the order was effective. The statute of limitations would bar all of plaintiffs' claims if the judgment of dismissal is final.

The equity court denied relief. It found as a fact "plaintiffs did not appear in person or by counsel *when the dismissal docket was called* nor did they appear at any time prior to November 1991." It denied relief under Rules 75.01, 74.03 and 74.06. It concluded as a matter of law that plaintiffs could not have relief under Rule 74.06 on the grounds alleged. However, it made no reference to the provisions in Rule 74.06(b)(4) which authorizes relief from a final judgment where the judgment is void. Nor did the court refer to the provisions of Rule 74.06(c) which provides a one-year time limit for three of the stated grounds for relief but does not include a time limit for relief from a void judgment.

There was no dismissal docket on October 9, 1990, as the notice card stated, or on October 19, 1990, as those terms are used in local Rule 37 which was in effect in October 1990.

In relevant part, local Rule 37 provides as follows:

37.1.1. **Civil Jury Docket**—The Presiding Judge of the Circuit Court shall, when ever he deems it advisable, upon not less than ten days' notice published in the St. Louis Daily Record, call such of the causes then pending in Division No. 1 as he shall select. *Upon such call,* any cause shall, in the discretion of the Presiding Judge, be continued or dismissed, and the failure of the plaintiff or appellant to respond in person, or by attorney, *at the call of such docket,* as herein provided, shall be deemed and taken as grounds for dismissal of the cause or appeal for failure to prosecute. (Our emphasis).

\*     \*     \*     \*     \*     \*

37.2.  **Reinstatement of Cause.**

Notice of the filing of each application or motion for the reinstatement of a dismissed cause shall, before the filing of same, be served by counsel upon the opposing party of his counsel of record, and proof of such service shall be filed with such application or motion.

The rule requires publication notice in advance of a dismissal docket and an actual docket call. It also provides a manner of determining that the plaintiffs are responsible for failure to prosecute the cause of action, a failure to appear creates the presumption. It provides a reinstatement procedure that is quite different than the set aside procedure adopted by the presiding judge. But in the present case the presiding judge's "bright line system" ignored and did not utilize either notice or a docket call. There was no notice and no docket call. The dismissal therefore, did not have the benefit of the presumption of failure to prosecute.

The legality of the order to dismiss entered on October 9, 1990, is decisive. That was the last order entered in the case. No notice was given to any party for the October 9, 1990 order. Because it was entered without any notice it was unfair and unjust, *Gladden v. Kansas City,* 411 S.W.2d 228, 229 (Mo.1967), and void. *Healer v. Kansas City Public Service Co.,* 251 S.W.2d 66, 68 (Mo. 1952); *Around the World Importing, Inc. v. Mercantile Trust Company National Ass'n.,* 771 S.W.2d 919, 921 (Mo.App.1989). In *Around the World Importing,* this court held the order was ineffective for failure to give notice before entry of a dismissal. Those counts of the petition which, for that reason, were not lawfully dismissed remained pending, thus, there was no final judgment and the appeal was subject to dismissal. In reaching the same result we also acknowledge the rule that "Missouri disfavors the dismissal of cases because of failure to prosecute, *Horobec v. Mueller,* 628 S.W.2d 942, 944 (Mo.App.1982), as the law favors trial on the merits." *State ex rel. Highway and Transportation Comm'n v. Moulder,* 726 S.W.2d 812, 813 (Mo.App.1987).

Two additional reasons support the conclusion that the order of October 9, 1990, was a nullity. First, the order ignored and did not

comply with existing Rule 37. In the absence of rule or statute there is no question that a trial judge may rely on inherent authority to dismiss a cause of action for failure to prosecute, providing there is notice and opportunity for hearing. However, where the court adopts a rule which prescribes the manner of exercising the authority, it is the rule, not inherent authority, which authorizes the dismissal. In *Healer v. Kansas City Public Service*, 251 S.W.2d 66 (Mo.1952) the Supreme Court referred to a clear and unambiguous statute which established a procedure to be followed when a witness refused to sign a deposition. The trial court ordered the plaintiff to sign a deposition within thirty days or suffer dismissal, a sanction not included in the statute. The Supreme Court held that where the statute, a section of the Code of Civil Procedure, prescribed the procedure to be followed in such cases, an order inconsistent with the statute was void. *Healer v. Kansas City Public Service Co.*, 251 S.W.2d at 69. We conclude that a local rule which defines a procedure for exercising an inherent power cannot be ignored by resort to a procedure inconsistent with the rule.

Second, the only reason for dismissal was failure to prosecute. However, that question of fact was never considered by the presiding judge. The fact of failure to prosecute the dioxin case has never been established by proof or by the presumption created by local Rule 37.1.1. There is no factual dispute that the order was entered solely because the dioxin case was two years old and not on a trial docket. The presiding judge testified that no failure to prosecute determination was made before the order was entered on October 9, 1990, thereafter on October 19, 1990, or at any other time. The order remains unsupported by any factual basis or finding. The order of dismissal was therefore completely arbitrary. The order was not entered for failure to prosecute, as that term is generally used or as it is used in local Rule 37. Further, the deficiency was never cured.

A void judgment is a nullity without integrity. *Ripley v. Bank of Skidmore*, 355 Mo. 897, 198 S.W.2d 861, 865 (1947); *Wright v. Mullen*, 659 S.W.2d 261, 263 (Mo.App.1983).

It was also noted in *Wright*, that the absence of subject matter jurisdiction resulting from a void judgment is a jurisdictional defect. *Wright*, 659 S.W.2d at 263. Citing *State ex rel., MFA Insurance Co. v. Murphy*, 606 S.W.2d 661, 663 (Mo. banc 1980).

Defendants rely on two cases in support of their position: *Vilsick v. Fibreboard, Corp.*, 861 S.W.2d 659 (Mo.App.E.D.1993) and *Link v. Wabash Railroad Co.*, 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962).

This court held in *Vilsick* that an identical order of dismissal was not invalid for failure to operate *in praesenti*. There we also held that the order of dismissal was not defective for failure to give notice of a dismissal docket or send notice after dismissal. On the record before us in *Vilsick*, the case was correctly decided. However, there was no record in the *Vilsick* appeal which disclosed the facts supporting a decision the order was void for the reasons discussed here. The plaintiffs in *Vilsick* merely refiled an identical petition to that which was dismissed. They refiled more than twelve months after the dismissal. The refiled petition was dismissed as untimely because the statute of limitations, the "savings" statute, 516.230 RSMo 1986 was not applicable and the new petition was time barred. There was no discovery and no trial. This court proceeded on the *assumption* that there was publication notice of a dismissal docket and there was a dismissal docket on October 19, 1990. The trial court did not have access to anything which would trigger a question of jurisdiction. Nor did we. Further, in *Vilsick* we were not confronted with evidence the trial court failed to comply with local Rule 37.1 in dismissing the case and entered an arbitrary order without any factual support for dismissing for the reason adopted in the order.

We are confronted with a record containing an undisputed fact that there was no call of the dismissal docket and no real determination regarding the status of the case. The presiding judge so testified. In *Vilsick* we considered a collateral attack on the dismissal and cited a number of cases for the proposition that a collateral attack for the purpose of permitting the refiling of the same cause of action will not be recognized.

The equity case now before us is a direct attack on the order of dismissal based on allegations in the petition that "neither plaintiffs nor their attorneys were advised of the actual dismissal"; "the dismissal of this case was and remains procedurally and jurisdictionally defective"; "plaintiffs have been denied due process of law contrary to the provisions of [state and federal constitutional protections]"; and, the dismissals were "contrary to and without the authority of Missouri Rules of Civil Procedure or the local rules of the 22nd Judicial Circuit concerning involuntary dismissals."

The *Vilsick* decision correctly decided the narrow issues presented. This court had no reason to make a determination of trial court jurisdiction and no facts to support a suspicion or conclusion that the presiding judge's dismissal order was void for any reasons. The considerations of void judgment for absence of notice, failure to follow local rule and arbitrariness were unavailable because of the lack of a record. The *result* in this and the *Vilsick* cases are not in full accord only because it was not possible to reach the jurisdictional issue on the *Vilsick* appeal.

*Link v. Wabash Railroad Co.*, 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962) is also distinguishable. In *Link*, the District Court duly notified the plaintiff's counsel thirteen days in advance of a pretrial conference to be held at the courthouse. Just prior to the scheduled pretrial conference, counsel for petitioner telephoned the courthouse and left the message with the judge's secretary that he was out of town preparing papers for a state supreme court case and wanted to reschedule the pretrial conference for the following day. *Id.* at 627–628, 82 S.Ct. at 1387.

When petitioner's counsel did not appear at the pretrial conference on the original date and time, and after reviewing the history of the case (six years old and three years since petitioner had prevailed on respondent's motion for judgment on pleadings with no further activity), and noting that petitioner had failed to indicate a reasonable reason for his nonappearance, the judge dismissed the action "for failure to prosecute this action" and stated the dismissal was in the "exercise [of] its inherent power." *Id.* at 629, 82 S.Ct. at 1388.

The Supreme Court upheld the dismissal despite the absence of notice and hearing on the court's intention to dismiss. "The adequacy of notice and hearing respecting proceedings that may affect a party's rights turns, to a considerable extent, on the knowledge which the circumstances show such party may be taken to have of the consequences of his own conduct." *Id.* at 632, 82 S.Ct. at 1390. The circumstances in *Link* were such as to dispense with the necessity for advance notice and hearing. *Id.* The court noted that petitioner's counsel had received due notice of the scheduling of the pretrial conference and wasn't in a position to later say he could not have foreseen the consequences of his default.

Defendants here argue that *Link* supports their contention that the notice requirement may be satisfied by notice after the judgment. *Link* does not support their position for a number of reasons. First, the District Court's action in *Link* in dismissing the petitioner's suit was a sanction dismissal. Petitioner's counsel, there viewed as his "agent," was in default of attendance at the pretrial conference for which he had been duly notified to attend. The Supreme Court found there had been prejudgment notice. Second, the case was not dismissed solely for failure to prosecute, but as a sanction for failure to attend a pretrial conference on a case where the judge reviewed the file and found actual failure to prosecute. This is significant because the reason for the sanction was obvious and fully supported by the court file. Third, the Supreme Court found the District Court had "inherent power" *not governed by rule or statute* but by control necessarily vested in courts to manage their own affairs to dismiss the action. *Id.* at 630–631, 82 S.Ct. at 1389. Here, unlike *Link*, the court adopted a local rule which set forth a specific procedure for dismissing cases, but the rule was not followed; there was no obvious failure to prosecute and no inspection was made to confirm failure to prosecute; and, there was no event scheduled with notice at which plaintiff's defaulted. For these reasons,

*Link* does not support defendant's contentions.

The appeal is dismissed because the dismissal order of October 9, 1990, was void when entered. The case of *Joseph A. Henningsen, et al. v. Independent Petrochemical Corporation, et al.,* Cause No. 832–05063 remains pending.