**Dennis Lee DOMACHOWSKI, Respondent,**

v.

**DIRECTOR OF REVENUE, STATE OF MISSOURI, Appellant.**

No. 66471.

Missouri Court of Appeals,
Eastern District,
Division One.

March 28, 1995.

Jeremiah W. (Jay) Nixon, Atty. Gen., James A. Chenault, III, Sp. Asst. Atty. Gen., Mo. Dept. of Revenue, Jefferson City, for appellant.

Howard Paperner, Clayton, for respondent.

GARY M. GAERTNER, Judge.

Appellant, Director of Revenue, State of Missouri, appeals from an order entered in the Circuit Court of the County of St. Louis setting aside the suspension of respondent's, Dennis Lee Domachowski's, driving privilege. We reverse.

Driver was arrested for driving while intoxicated and his driving privilege was suspended pursuant to RSMo §§ 302.500–302.541 (Supp.1993). After an administrative hearing, driver's suspension was upheld. Driver filed a petition for trial de novo in the circuit court on May 26, 1993.

On December 10, 1993, the court issued notices dated December 6, 1993, notifying all parties the cause was placed on the dismissal docket and would be dismissed without additional notice if no action was taken by January 5, 1994. The circuit court issued an order dismissing the matter, without preju-

dice, for failure to prosecute on January 5, 1994, when driver failed to appear.

On February 24, 1994, driver filed a motion to set aside the dismissal. Driver contended the dismissal 1) was entered without notice or hearing; 2) was entered in violation of local rules; 3) was arbitrary in that there was no effort to determine, and no factual basis for finding, that he failed to prosecute; and 4) the order was void when entered. On April 20, 1994, the court set aside the dismissal.

The cause was heard on May 25, 1994. Driver objected to the arresting officer's testimony that she had been certified as having completed the necessary minimum hours of training for police officers in Missouri pursuant to Chapter 590, on the grounds that her commission would be the best evidence. The trial court sustained the objection. Director presented evidence pursuant to an offer of proof. At the close of the proceedings, the court determined Director did not make a submissible case. This appeal ensued.

Director raises two points for review. We find the first dispositive. Director asserts the court erred in entering judgment on May 25, 1994, as there was no timely motion filed or order entered to set aside the dismissal of January 5, 1994, and therefore, the court no longer had jurisdiction over this matter.

In support of her argument, Director contends that because a court loses jurisdiction over a cause 30 days after the entry of a judgment, Rule 75.01, driver's motion to set aside filed on February 24, 1994, was untimely. Thus, the court had no jurisdiction over this action after February 4, 1994, and any court action subsequent to that date was void.

Driver's motion to set aside provided no indication as to which rule he was utilizing in seeking relief. Additionally, driver's brief fails to state specifically which rule he relied upon for amelioration from the dismissal. However, we do gain some insight in this respect from driver's brief, and find statements made by driver's attorney during oral argument before this court dispositive on this question.

Driver states in his brief that by entering its order setting aside the dismissal, the trial court apparently found that driver had not received notice. Driver proceeds to explain that because relief was sought within six months of the order of dismissal, *Vilsick v. Fibreboard Corp.*, 861 S.W.2d 659 (Mo.App. E.D.1993)[1], relied upon by Director, was not on point. *Vilsick* addressed Rule 74.03. Additionally, during oral argument, counsel for driver stated, upon questioning, that the position he took during the hearing on the motion to set aside was that "there was no notice and [he] had received no notice." He went on to establish that the rule under which he had proceeded on his motion was "the rule … that the court retain jurisdiction for at least six months in … cases in which there … was no notice." Accordingly, we conclude driver filed his motion to set aside under Rule 74.03.

Rule 74.03 provides driver no relief, however. The rule states:

> Immediately upon the entry of an order or judgment, the clerk shall serve a notice of the entry by mail … upon each party who is not in default for failure to appear and who was not present in court in person or by attorney at the time of the entry of such order or judgment. If such notice is not given, the order or judgment shall be set aside for good cause shown upon written motion filed within six months from the entry of the order or judgment.

It is absolutely clear from this wording that the rule allows an opportunity for relief only where a party does not receive notice upon the entry of an order or judgment. A thorough review of the record reveals driver never alleged a failure to receive notice of the order of dismissal. Instead, driver's motion to set aside indicated his alleged failure to receive the court's notice placing the cause on the dismissal docket. Such an omission does not warrant relief under Rule 74.03.

1. *Vilsick* held that because plaintiffs failed to file a motion to set aside within six months of the judgment, the trial court's failure to send plaintiffs notice of the dismissal did not warrant setting aside the dismissal for failure to prosecute. *Id.* at 664.

Driver refers us to *Henningsen v. Independent Petrochemical*, 875 S.W.2d 117 (Mo. App.E.D.1994). We find *Henningsen* distinguishable. There, no actual or constructive notice of a dismissal docket or the actual dismissal was given to the parties. Here, the record before us reflects that actual notice was mailed to both parties, and the correct date of the dismissal docket was provided. Also, *Henningsen* was effectively decided pursuant to Rule 74.06(b)(4) which allows relief from a judgment when the judgment was void. The case at issue addresses Rule 74.03 which, as stated above, provides relief where a party receives no notice of the entry of an order or judgment.

Accordingly, we find the trial court was without jurisdiction to enter its order of May 25, 1994, reinstating driver's license. Cause is reversed.

REINHARD, P.J., and CRAHAN, J., concur.