Gary SEXTRO, et al.,
Plaintiffs/Respondents,

v.

William H. BURKEY and Leas-
ing Consultants, Inc., De-
fendants/Appellants.

No. 71677.

Missouri Court of Appeals,
Eastern District,
Division Three.

June 17, 1997.

Motion for Rehearing and/or Transfer to
Supreme Court Denied July 29, 1997.

Application to Transfer Denied
Sept. 30, 1997.

Ray A. Gerritzen, Gerritzen & Gerritzen,
St. Louis, for defendants/appellants.

Gerald Michael Dunne, Clayton, for plain-
tiffs/respondents.

GRIMM, Judge.

In this landlord-tenant dispute, plaintiffs-
landlords filed a petition for rent and posses-
sion. Defendants-tenants filed an answer
and counterclaim. After approximately four
years, the trial court dismissed the "cause"
without prejudice for failure to prosecute.

Defendants' sole point on appeal is that the
trial court erred in ruling that their counter-
claim was dismissed in January 1995 when
landlords' claim was dismissed.[1] They argue
that the dismissal of the "cause" could not
operate to dismiss their counterclaim. We
disagree and affirm.

I.  Background

On March 21, 1991, plaintiffs filed their
petition against defendants. Defendants
filed an answer and counterclaim on May 8,
1991. Because the counterclaim requested
damages in excess of $15,000, the matter was
referred to the presiding judge for assign-
ment. Pursuant to section 478.240.2 RSMo
1994, the presiding judge assigned the mat-
ter to an associate circuit judge.

In November 1993, plaintiffs filed a third-
party petition against an insurance company,

---

1.  Landlords did not file an appellate brief.

alleging coverage for the damages sought in defendants' counterclaim. In June 1994, the trial court granted insurance company's summary judgment motion.

At this point, the record becomes confusing. The clerk's docket sheet entries for January 3, 1995 reflect that a notice was sent to plaintiffs' attorney and to insurance company's attorney. The docket sheet entry does not reflect what that notice was about, nor were we furnished a copy of the notice.

The next entry on the docket sheet is dated "1/91/95." We assume that the correct date is January 19, 1995. It states: "JUDGE FERGUSON, IRIS dismissed cause by court without prejudice for failure to prosecute at costs to plaintiff filed." The document filed that day is a dismissal order dated "01/91/95" that reads:

> Cause having been placed on the dismissal docket of 01/31/95 and published in the St. Louis Daily Record 10(ten) days in advance of the docket date. This cause shall stand dismissed without prejudice on 01/31/95 for failure to prosecute at plaintiff's cost.[2]

Approximately seventeen months later, on August 1, 1996, defendants' attorney secured an order from the then presiding judge. The record does not contain any motion filed by defendants' attorney, nor does the record reflect that plaintiffs' counsel was present when the order was secured. The order provides:

> Defendant Burkey's Counterclaim having never been disposed of [,] cause re-opened. Defendant Burkey representing to the Court that his counterclaim is for an amount in excess of 25,000 cause to be placed on Circuit Court docket and set for trial as soon as possible. Cause reassigned to Division 29.

On September 11, 1996, Judge Henry Autrey of Division 29 set the matter for trial for November 12. Plaintiffs filed a motion to dismiss, alleging that this "cause was dismissed in its entirety on January 31, 1995 by the Honorable Iris Ferguson." Further, the motion alleged that more than thirty days

had elapsed since the dismissal, and therefore the trial court "lacks the jurisdiction to order any action on this matter."

On November 7, Judge Autrey entered judgment. He found that "the entire cause" was dismissed on January 31, 1995. Therefore, he sustained the dismissal motion. This appeal followed.

## II. Dismissal of Counterclaim

For their sole point, defendants allege the trial court "erred in holding that Defendants' Counterclaim was dismissed in January of 1995." They contend that the dismissal "of Plaintiffs' action for failure to prosecute could not operate to dismiss" their counterclaim.

Defendants misconstrue the January 1995 order as pertaining only to plaintiffs' petition. The order does not say that the *petition* would stand dismissed on January 31. Rather, it says that "This *cause* shall stand dismissed without prejudice on 01/31/95 for failure to prosecute." (emphasis added). Considering the common usage of the word "cause," we construe the dismissal order as dismissing the entire action, including the counterclaim. *See Estate of Ingram v. Rollins,* 864 S.W.2d 400, 403 (Mo.App. E.D.1993).

Our construction of the dismissal order as dismissing the entire action is supported by the surrounding facts. The petition was filed in March 1991 seeking rent and possession of property. The counterclaim, filed in May 1991, claimed damages for events occurring from October 1989 to April 1991. Thus, when the dismissal order was entered, all of the events had occurred almost four years earlier and all pleadings were almost four years old.

Supreme Court Administrative Rule 17 established case processing time standards "to ensure the prompt and fair disposition of cases." Rule 17.01. The time standard is for disposition of cases, not parts of cases. Thus, it is directed to all counts of a multicount petition, not just one; to both the petition and the counterclaim, not just one or

---

**2.** In *Vilsick v. Fibreboard Corp.,* 861 S.W.2d 659, 661–62 (Mo.App. E.D.1993), we held that a simi-lar order was valid and that a subsequent order was not needed to dismiss the case.

the other. The standards are "designed as tools to achieve the overall goals of efficiency, productivity, and quality of justice." Rule 17.04.

With these goals in mind, Rule 17.23 sets as a standard that 98% of circuit court civil cases will be disposed of within twenty-four months of filing. The standard is set at 98% instead of 100% "because it is recognized that litigation with complex substantive and procedural issues or litigation involving extraordinary circumstances may require additional time." Rule 17.21.

In the case before us, the litigation is not complex nor unusual. Rather, it is a relatively simple rent and possession case with a counterclaim for damages. None of the issues involve any extraordinary circumstances. Thus, under the standards, this case should routinely be disposed of within twenty four months after filing. The trial court was well within its authority to dismiss the entire case for failure to prosecute.

Nevertheless, defendants contend that defendants' attorney did not receive any notice "of this case being on any dismissal docket in January, 1995." They argue that this lack of notice would be a denial of due process.

Here, the trial court's January 1995 order recites that the dismissal docket was published in the St. Louis Daily Record ten days in advance. This court has previously held such publication is constitutionally sufficient and is not a deprivation of due process rights. *Vilsick v. Fibreboard Corp.,* 861 S.W.2d 659, 663–64 (Mo.App. E.D.1993).

Although not raised before the trial court, defendants now contend that the dismissal docket was not published as recited in the January 1995 order. We reject this contention for several reasons, the first being that it was not raised before the trial court. In their motion to dismiss filed in October 1996, plaintiffs pled that the cause was dismissed on January 31, 1995 by Judge Fergu-

son's order. A copy of the order was attached to the motion. Nothing in the record presented to us indicates that defendants' challenged that order on the basis that it was not published in the Daily Record when the motion was argued November 4, 1996. We will not convict the trial court of an error not brought to its attention.[3]

Nor did defendants seek any relief under Rules 74.03 or 74.06. Generally, under those rules, a party must seek relief within twelve months after the entry of the order complained of. Here, defendants did not file any motion seeking any relief under either of these rules. Moreover, more than twelve months elapsed between the January 1995 dismissal order and the August 1996 order purporting to declare that the January dismissal order did not include defendants' counterclaim.

Here, in January 1995, the trial court ordered the cause dismissed without prejudice for failure to prosecute. That order dismissed both the plaintiffs' petition and defendants' counterclaim without prejudice. Thus, the trial court did not err in its November 1996 holding that "the entire cause" was previously dismissed without prejudice on January 31, 1995.

The trial court's judgment is affirmed.[4]

CRAHAN, P.J., and HOFF, J., concur.

---

3. Defendants filed with this court an affidavit concerning this issue. It is not a part of the legal file. Moreover, the affidavit reflects that it was notarized at least a week after the trial court's ruling. Nothing in the record indicates the affidavit was ever presented to the trial court.

4. Defendants' motion to dismiss appeal and for damages for frivolous appeal is denied.