STATE OF MISSOURI at the Relation of EDMOND KOELN v. LEM MOTLOW, Appellant.—76 S. W. (2d) 421.

Court en Banc, November 20, 1934.

*Cullen, Fauntleroy & Edwards* for appellant.

*Edward W. Foristel* and *Frank H. Haskins* for respondent.

HYDE, C.—This case, coming to the writer by reassignment, is a companion suit to State ex rel. Koeln v. Motlow, 336 Mo. 40, 76 S. W. (2d) 417, decided concurrently herewith and is an action to collect the taxes due and payable on the land in controversy therein for the years 1920, 1921, 1922 and 1923, levied for the same purposes as the taxes in that case. Judgment was entered against defendant therefor for $6,186.65, which was adjudged a first lien on the land. The evidence is the same and defendant makes the same defenses as in the other case and, as to all matters decided in that case, it is ruled thereby.

One further question arises in this case, which was not presented in the other case, namely: The suit in this case was commenced December 11, 1925, at which time the land was in the custody of the United States District Court, being in the possession of its marshal. Defendant contends that, since the land was *in custodia legis* in a proceeding *in rem* in another court, this suit, also a proceeding *in rem* to reach the same property, is without effect, and that all proceedings herein are void because of the exclusive jurisdiction of the United States District Court over the property at the time it was commenced. The Supreme Court of the United States has, however, settled this contention of defendant against him in Heidritter v. Elizabeth Oil-Cloth Co., 112 U. S. 294, 5 Sup. Ct. 135, 28 L. Ed. 729. There, mechanics' lien proceedings were commenced in a state court against a distillery and it was sold under judgment therein rendered. At the time these proceedings were begun, the property was in the custody of the United States District Court, having been seized under the forfeiture section of the internal revenue laws cited in State ex rel. Koeln v. Motlow, 336 Mo. 40, 76 S. W. (2d) 417. It was held that the sale under the judgment in the State court was invalid against the purchaser from the United States Marshal's sale under the condemnation proceedings in the United States District Court, but the court specifically said:

"But it is to be understood, as a qualification of what has been said, that we do not mean to decide that the plaintiffs in the actions in the state court might not, without prejudice to the jurisdiction of the district court, commence their actions, so far as that was a step required by the mechanics' lien law of New Jersey, for the mere purpose of fixing and preserving their rights to a lien: provided, always, they did not prosecute their actions to a sale and disposition of the property, which, by relation, would have the effect of avoiding the jurisdiction of the district court under its seizure. . . . We refrain from pronouncing the proceedings in the state courts of New Jersey invalid, so far as they do not affect the legal title of the purchaser at the marshal's sale to the premises in controversy. We decide, not that they are invalid for the purpose of declaring and

establishing the lien, but that they are not good for the purpose of enforcing it, as was attempted, by a sale and conveyance of the premises in controversy. . . . That rule has no reference to the supremacy of one tribunal over the other, nor to the superiority in rank of the respective claims in behalf of which the conflicting jurisdictions are invoked. It simply requires, as a matter of necessity, and therefore of comity, that when the object of the action requires the control and dominion of the property involved in the litigation, that court which first acquires possession, or that dominion which is equivalent, *draws to itself the exclusive right to dispose of it*, for the purposes of its jurisdiction.''

In this case the United States District Court *never did dispose of the property*. After holding possession until it had paid its revenue taxes, it released its jurisdiction over it and the St. Louis tax collector, by reason of having commenced suit to enforce this State's lien for taxes within the time required by its laws, was then in position to proceed to judgment for the purpose of collecting the taxes, all of which had become due and payable prior to the seizure by the United States, and the lien of which, under United States v. Stowell, 133 U. S. 1, could not have been affected by forfeiture thereafter.

The judgment is affirmed.

PER CURIAM:—The foregoing opinion by HYDE, C., in Division One is adopted as the opinion of the Court en Banc. All concur.