MOTLOW *v.* STATE ex rel. KOELN.

Nos. 659 and 660. Argued April 10, 1935.—Decided April 29, 1935.

*Mr. Clem F. Storckman* argued the cause and *Mr. Patrick H. Cullen* filed a brief for petitioner.

*Mr. Frank H. Haskins*, with whom *Messrs. James T. Blair, Oscar Habenicht,* and *Harry S. Rooks* were on the brief, for respondent.

PER CURIAM.

These actions were brought in the Circuit Court of the City of St. Louis to enforce the lien of the State of Missouri upon certain real property. The first action (No. 659), begun in December, 1925, was for the taxes of 1920 to 1923, and the second (No. 660), brought in December, 1928, was for the taxes of 1924 to 1926. Judgments for the plaintiff were affirmed by the Supreme Court of the State. 76 S. W. (2d) 417, 421. In view of the contention that the state court had denied effect to a judgment of the United States District Court decreeing forfeiture of title to the United States, writs of certiorari were granted.

It appeared that in 1921, in connection with a lease of the premises to a distilling company, petitioner and his wife, as owners, had filed the required consent with respect to the priority of the lien of the United States for taxes and penalties (26 U. S. C. 286); that in September, 1923, the land had been seized by the United States Collector of Internal Revenue for forfeiture on account of violations of law in removing distilled spirits without payment of the federal tax (26 U. S. C. 306); that, in January, 1924, the United States brought a libel for forfeiture in the United States District Court, and in September, 1928, obtained a judgment which was affirmed on appeal. *Motlow* v. *United States*, 35 F. (2d) 90. Petitioner contends that the land was *in custodia legis*, in the federal court, when the first action in the state court was begun, and, by virtue of the judgment in the federal court, title vested in the United States as of the date of the offense upon which the judgment was based. *Henderson's Distilled Spirits*, 14 Wall. 44; *United States* v. *Stowell*, 133 U. S. 1.

But, although the judgment provided for forfeiture to the Government, it contained an alternative provision,

inserted pursuant to a stipulation of the parties, that if the owners paid to the Government the sum of $20,000 within thirty days, the property should be delivered to them free of all claims. The provision was explicit that, in that event, "the judgment of forfeiture above entered shall not be enforcible nor shall it be enforced, but the payment of Twenty Thousand ($20,000.00) Dollars shall be in full satisfaction of the aforesaid judgment and shall operate as a release of the lien of said judgment and any cause of action in favor of the Government as to said property described in said libel." The judgment also provided that, if the owners desired to perfect an appeal, they might give bond to the Government in the sum of $20,000, conditioned as specified in the stipulation, and, on approval of the bond, possession of the property should be immediately delivered to the owners "forever released of any lien or claim of any kind whatsoever in favor of the United States Government and the aforesaid bond shall stand in lieu of and in place of said property." The bond was given, and the District Court, in September, 1928, ordered the release of the property accordingly.

While, under the statute in question, a judgment of forfeiture relates back to the date of the offense as proved, that result follows only from an effective judgment of condemnation. *Henderson's Distilled Spirits, supra,* p. 57. In this instance, there was no such judgment and hence title did not vest in the United States. As the title of the owners was not divested, the land remained subject to the claim for local taxes. The release "from all claims," for which the judgment provided, manifestly referred to claims of the United States and not to claims of the State. Nor is there merit in the contention that the state court was without jurisdiction to enforce the liens for taxes because the property was *in custodia legis.*

The second suit (No. 660), for the taxes of 1924 to 1926, was not brought until after the property had been released by the federal court in 1928; and, while the first

suit (No. 659) was begun in 1925, it does not appear that any proceedings beyond the filing of the petition were taken until 1929. There was no interference with the custody of the federal court. *Heidritter* v. *Elizabeth Oil-Cloth Co.*, 112 U. S. 294, 304, 305. Compare *Shields* v. *Coleman*, 157 U. S. 168, 178, 179; *Zimmerman* v. *So Relle*, 80 Fed. 417, 420; *Mathis* v. *Ligon*, 39 F. (2d) 455, 456.

The judgments are

*Affirmed.*