STATE ex rel. GREAT AMERICAN INSUR-
ANCE COMPANY, Relator,

v.

Honorable Douglas L. C. JONES, Judge of
the Circuit Court of St. Louis Coun-
ty, Missouri, Respondent.

No. 51434.

Supreme Court of Missouri,

En Banc.

Nov. 8, 1965.

Rehearing Denied Dec. 13, 1965.

Francis L. Kenney, Jr., Bernard A. Reinert, St. Louis, for relator, Great American Ins. Co., Kenney, Reinert & Hespen, St. Louis, of counsel.

John A. Biersmith, Charles J. Fraas, Jr., Kansas City, for respondent, Rafter, Biersmith, Miller & Walsh, Kansas City, of counsel.

HYDE, Judge.

Relator seeks mandamus to require respondent Judge to set aside an order entered March 17, 1965, quashing service, dissolving attachments and garnishments and dismissing relator's action against Louis Lesser Enterprises and D & L Construction Company and to reinstate said cause so it may proceed on its merits. Respondent has stayed this order until this court rules on the petition for mandamus. Both parties have filed motions in this Court for judgment on the pleadings.

Relator's petition against Lesser and D & L (foreign corporations based in California) alleged they were engaged in a joint venture to build housing at Fort Leonard Wood and that Clarence W. Franks was a subcontractor whom they owed $82,348.38; that relator (qualified to do business in this state), having furnished Franks' performance bond, completed his work at an additional cost of $151,172.71; and that relator was the owner of this claim in the total sum of $233,521.09 by subrogation and assignment. Relator's petition, in a second count, stated a claim for the same amount based on fraud.

On garnishment proceedings, Emerson Electric Company disclosed it was obligated to Lesser for monthly rents and taxes on real estate, which it appears is $4,125.00 per month and annual taxes, totaling more than $33,000.00 in rentals at the time the case was heard in this court. Notice of commencement of suit by attachment and garnishment was given to both defendants by registered mail and also such notice was served on Lesser in California by a deputy sheriff. Both defendants, appearing specially, by the same counsel, filed motions to dismiss, which the court sustained. Respondent's brief summarizes the grounds of the motions as follows: "(1) Lack of *in rem* jurisdiction as the present Relator had previously caused exactly the same property purported to be attached herein to become subject to the process of the District Court for the Western District of Missouri; (2) a lack of *in personam* jurisdiction because of invalid service; (3) lack of venue; (4) a multiplicity of suits between the same parties concerning the same subject matter; (5) failure to provide security for costs; (6) absence of the real party in interest; (7) failure to join other indispensable parties; (8) *forum non conveniens*; and (9) failure to state a claim on which relief could be granted."

Respondent's first contention is that whether the dismissal was right or wrong relator's only remedy is by appeal. However, there is no final appealable judgment in this case because the order of dismissal entered by the court on March 17, 1965, was by order made the next day, March 18, 1965, stayed until April 2, 1965, to allow relator time to apply to an appellate court for an appropriate writ. Thereafter, on April 1, 1965, when relator's petition for mandamus had been filed in this court, the stay of the dismissal order of March 17, 1965, was "extended until the Supreme Court of Missouri rules on said petition for a writ of mandamus." All this is admitted in respondent's return and thus it is clear that the order of dismissal has not been entered as a final judgment but only amounts to an indication of the ruling and

judgment respondent has decided to enter. To be final a judgment must operate *in praesenti.* Thompson v. Hodge, Mo.App., 348 S.W.2d 11, 14; Stone v. Boston, Mo. App., 218 S.W.2d 783, 787; see also 30A Am.Jur. 241, Judgments, Sec. 122; 49 C.J.S. Judgments § 11, p. 35; Barlow v. Scott, Mo. Sup., 85 S.W.2d 504, 519. As stated, 49 C.J.S. 35: "[A]n interlocutory judgment is one which reserves or leaves some further question or direction for future determination." Therefore, we must hold the judgment of dismissal in this case to be interlocutory and not a final judgment; and that relator does not have a right of appeal at this time. In that situation, we consider the only matter before us is the question of jurisdiction, which is the principal issue briefed and the one to which the writ of mandamus is directed.

■ Thus the next question is whether mandamus is available as a remedy under the circumstances of this case. We have held mandamus is an appropriate remedy when the court dismisses a case on the ground that it does not have jurisdiction as a matter of law and not depending upon the determination of any facts. State ex rel. Fielder v. Kirkwood, 345 Mo. 1089, 138 S.W.2d 1009; State ex rel. Foraker v. Hoffman, 309 Mo. 625, 274 S.W. 362. In the Fielder case, as here, jurisdiction of a foreign corporation was obtained by garnishment of sums due it by corporations doing business in this state. It was contended that the situs of the indebtedness was in the domicile state of the foreign corporation and that the attachments of the funds of the foreign corporation (a railroad not operating in Missouri) "would violate the commerce clause of the United States Constitution by imposing an unreasonable burden on interstate commerce." We overruled these contentions saying: "Let it be borne in mind the creditor must be a non-resident of this state or attachment will not lie. Both garnishees are in this state subject to process. The indebtedness under our decisions was here subject to attachment and garnish-

ment, and was conceded both as to liability and amount." We find that to be the situation in this case and hold mandamus to be a proper remedy to determine respondent's claim of lack of jurisdiction.

This claim is that garnishment herein does not give the court jurisdiction because the property (amounts due Lesser) "has been at the instance of this same plaintiff (relator) been brought into the custody and control of the U. S. District Court for the Western District of Missouri prior to the institution of this proceeding by subsisting order of such court." Respondent cites 14 Am.Jur. 446, Courts, Sec. 251, that "property in the possession of one court is not liable to seizure on process from another court"; and that "where property has been seized under process from a Federal court and is in the custody of the marshal, the right to hold it is a question for the determination of the Federal court under the process of which it was seized, and possession cannot be interfered with by a state court." However, in this same section it is stated: "Where one of the courts has thus secured possession or dominion of specific property, the suit in the co-ordinate jurisdiction to affect the same property should be stayed until the proceedings in the court which first obtained jurisdiction are concluded or until ample time for their termination has elapsed." In 1 C.J.S. Actions § 133, p. 1411, it is stated: "Where, however, the action is in rem or quasi in rem, that court, whether state or federal, which first takes possession or control, actual or potential, of the res, will exercise its power to completion and the other court should stay proceedings before it pending the determination in the other court."

■ The pendency of an action (either personal or in rem) in either a state or a federal court does not entitle the defendant to abatement of a like action in the other; although in actions in rem "the court first acquiring jurisdiction of the res retains it until the authority of the court is exhausted

or the action dismissed." 1 Am.Jur.2d 58, Abatement, Survival and Revival, Sec. 18. "[W]here an action, involving the custody, possession, or title of specific property, is pending in a state court, without the custody or control of the property being taken, such action cannot, because of the difference of jurisdiction, be pleaded in abatement of a subsequent similar action in a federal court, and vice versa, the proper practice in such cases being merely to stay proceedings in the subsequent action until determination or disposition of the first action (Actions § 133)." 1 C.J.S. Abatement and Revival § 67, p. 104. "In the case of a prior garnishment of the same claim, it seems clear that the court which first acquires jurisdiction has the power to determine the rights thereto as between the parties. The practice employed in some cases is to suspend the second garnishment proceedings until the liability of the garnishee in the prior proceedings is finally determined or until it is determined whether the funds are exhausted. It is said that the fact that prior garnishment proceedings are pending against the garnishee is not ground for discharging him in the subsequent proceedings, since he may not eventually be charged in the prior proceedings to the full extent of his indebtedness to the defendant or may not be charged at all." 6 Am.Jur.2d 819, Attachment and Garnishment, Sec. 369. Furthermore, it appears there are additional garnishees in this case and it seems likely that there are amounts garnisheed even from Emerson that were not under garnishment in the federal court case now on appeal.

On this subject of jurisdiction, the United States Supreme Court said in Penn General Casualty Co. v. Commonwealth of Pennsylvania ex rel. Schnader, Attorney General, 294 U.S. 189, 55 S.Ct. 386, 390, 79 L.Ed. 850: "While it is often said that, of two courts having concurrent jurisdiction in rem, one first taking possession acquires exclusive jurisdiction, see Peck v. Jennes,

[Jenness], supra, pages [612] 624, 625 of 7 How., 12 L.Ed. 841; Wabash R. Co. v. Adelbert College, supra, [38] page 54 of 208 U.S., 28 S.Ct. 182 [52 L.Ed. 379]; Harkin v. Brundage, supra [36], page 43 of 276 U.S., 48 S.Ct. 268 [72 L.Ed. 457], it is exclusive only so far as its exercise is necessary for the appropriate control and disposition of the property. The jurisdiction does not extend beyond the purpose for which it is allowed, to enable the court to exercise it appropriately and to avoid unseemly conflicts. See Leadville Coal Co. v. McCreery, supra [475], page 477 of 141 U.S., 12 S.Ct. 28 [35 L.Ed. 824]. The other court does not thereby lose its power to make orders which do not conflict with the authority of the court having jurisdiction over the control and disposition of the property. Yonley v. Lavender, 21 Wall. 276, 22 L.Ed. 536; Heidritter v. Elizabeth Oil-Cloth Co., 112 U.S. 294, 304, 5 S.Ct. 135, 28 L.Ed. 729; Byers v. McAuley, 149 U.S. 608, 13 S.Ct. 906, 37 L.Ed. 867." See also State ex rel. Koeln v. Motlow, 336 Mo. 50, 76 S.W.2d 421, affirmed 295 U.S. 97, 55 S.Ct. 661, 79 L.Ed. 1327, in which the United States Supreme Court held there was no merit "in the contention that the state court was without jurisdiction to enforce the liens for taxes because the property was in custodia legis" under a federal court judgment of forfeiture when state court proceedings where begun, the property later being released by the federal court. Suspension as to the garnishment proceedings herein involved certainly would be proper since the federal court case in which prior garnishments were made was (as respondent's suggestions state and exhibits filed show) dismissed and the attachments dissolved by the judgment of the United States District Court for the Western District of Missouri, although appeal therefrom is pending in the Eighth Circuit Court of Appeals.

■ Apparently the court's view was that it did not have jurisdiction because of

the prior attachment and garnishment in the federal court case still pending on appeal. As noted that is the argument made in the briefs filed for relator and we have held this does not deprive the court of jur... diction in this case. Nevertheless, respondent argues other grounds of his motion for dismissal as reasons for holding proper the order of dismissal, or at least for ruling relator's only remedy is by appeal. However, since we have held there is no final appealable judgment, it is unnecessary to consider now whether other grounds asserted in the motion to dismiss would be sufficient to authorize a final judgment of dismissal. It would be pertinent to say that jurisdiction does not depend on personal service but on the garnishment, which would be released "upon the defendant entering his appearance and filing his answer to the merits of the case" unless the plaintiff within ten days files bond. (Sec. 521.-010(1), Civil Rule 85.01(1); Sec. 521.050, Civil Rule 85.04; statutory references are to RSMo and V.A.M.S.)

■ Stay of proceedings is not a matter of right but involves the exercise of some discretion by the trial court as to granting and as to duration; but it would be an abuse of discretion to refuse a stay properly required by the circumstances. 1 Am.Jur.2d 624, Actions, Sec. 97; 1 C.J.S. Actions § 133, pp. 1410–1412; Ryan v. Campbell Sixty-Six Express, Inc., 365 Mo. 127, 276 S.W.2d 128; Rohrback v. Mutual Life Ins. Co. of New York, 8 Cir., 82 F.2d 291, 293. Therefore, we cannot order the trial court to grant a stay but only can hold that it has jurisdiction to do so and direct it to determine this issue and enter an order in accordance with its decision. Thereafter the court may proceed to determine the other grounds stated in the motion.

It is ordered that our peremptory writ of mandamus be issued for that purpose.

All concur.