531 So.2d 982 (1988)
FORD MOTOR CREDIT COMPANY, Appellant,
v.
ALACHUA TRADING COMPANY, INC., & Raymond G. Ross, Appellees.
No. 87-1987.
District Court of Appeal of Florida, First District.
August 22, 1988.
Rehearing Denied October 24, 1988.
*983 Harry B. Mahon, of Mahon, Farley & McCaulie, Jacksonville, for appellant.
No appearance for appellees.
WENTWORTH, Judge.
Appellant seeks review of a declaratory judgment determining that appellees retain title to an automobile and appellant may not declare its financing contract breached. Appellant contends that its security interest has been impaired so as to constitute a breach of the agreement under section 672.609, Florida Statutes. We find that appellant has not complied with the statutory procedure to obtain assurance of performance, and we therefore affirm the order appealed.
Appellant holds an installment financing contract for a motor vehicle purchased by appellees. This vehicle was seized by the United States Drug Enforcement Agency and returned to appellant with instructions that it would again be confiscated and not returned should appellant release the vehicle to appellees. The vehicle was seized in connection with an alleged illegal drug transaction after it was loaned to a third party by appellees, and at the time of seizure all payments due under the financing contract were current. Appellant sought a declaratory judgment as to whether it may declare the contract breached, asserting that its security has been impaired by the potential for reseizure of the vehicle. Appellees requested that the vehicle be returned to them, asserting that the government has effectively abandoned its claim to the vehicle. The lower court agreed, and declared that appellant may not deem the contract breached.
In ruling that the government has abandoned its claim the court relied upon State v. Motlow, 76 S.W.2d 417 (Mo. 1934), affirmed 295 U.S. 97, 55 S.Ct. 661, 79 L.Ed. 1327 (1935). Motlow addressed the ownership and taxation of property which had been seized by the government and subsequently released upon substitution of a cash bond in lieu of forfeiture. These circumstances are not involved in the present case, and the decision in Motlow does not foreclose the government from asserting a claim of forfeiture in this instance.
While Motlow is not controlling, the government's power to assert a claim of forfeiture may be subject to time limitations. See Western Pacific Fisheries Inc. v. S.S. President Grant, 730 F.2d 1280 (9th Cir.1984); see also United States v. One 1973 Buick Riviera Automobile, 560 F.2d 897 *984 (8th Cir.1977). But even were the government precluded from pursuing forfeiture for the prior drug transaction, the government could still pursue forfeiture in the future for any subsequent drug transaction. In that event an innocent lien holder with a perfected security interest could seek a return of the property through remission or mitigation of forfeiture. See United States v. One 1980 Chevrolet Corvette, 564 F. Supp. 347 (D.N.J. 1983). But a party seeking remission or mitigation must show that it had no knowledge or reason to believe that the property would be used in violation of the law. 28 C.F.R. section 9.5(c). And a forfeiture might be successfully challenged by an appropriate party who did all that it reasonably could to avoid having the property put to an unlawful use. See generally, United States v. One 1976 Lincoln Mark IV, 462 F. Supp. 1383 (D.C.W.D.Pa. 1979); accord, Astol Calero-Toledo v. Pearson Yacht Leasing Co., 416 U.S. 663, 94 S.Ct. 2080, 40 L.Ed.2d 452 (1974). However, such a claim has been denied where a vehicle was seized in connection with narcotics violations by a permissive user known to the owner to have a record of such violations. See e.g., United States v. One 1976 Buick Skylark, 453 F. Supp. 639 (D.Col. 1978).
The potential for a forfeiture claim as to the vehicle, and appellant's knowledge that the vehicle was used in connection with a drug transaction, prompts appellant's concern for its security interest. Section 672.609, Florida Statutes, authorizes a demand for assurance of performance when grounds for insecurity arise. If a demand is made and adequate assurance is not forthcoming the aggrieved party may then treat the contract as breached by repudiation. See Central Oil Co. v. M/V Lamma-Forest, 821 F.2d 48 (1st Cir.1987); section 672.609(4), Florida Statutes. But appellant seeks to deem the contract breached under the statute without having sought any assurance of performance in accordance with the statutory procedure. We do not address the question of what assurance might be sufficient in these circumstances, but we conclude that appellant may not ignore the statutory procedure. Appellant's failure to comply with section 672.609 precludes a declaration of breach.
Although we reject the lower court's finding that State v. Motlow, supra, is controlling, we agree that appellant may not treat the contract as breached. We therefore affirm the order appealed.
ERVIN and BOOTH, JJ., concur.