**UNITED STATES of America, Plaintiff,**

v.

**ASSETS DESCRIBED IN "ATTACH-MENT A" TO THE VERIFIED COMPLAINT FORFEITURE IN REM, Defendant.**

Case No. 6:09–cv–1852–Orl–28–GJK.

United States District Court, M.D. Florida, Orlando Division.

May 6, 2011.

Nicole M. Andrejko, U.S. Attorney's Office, Orlando, FL, for Plaintiff.

## ORDER

JOHN ANTOON II, District Judge.

This civil forfeiture case is before me on the United States' Motion to Strike and/or Dismiss Fourth Amended Claim (Doc. 199). The assigned United States Magistrate Judge has submitted a Report (Doc. 256) recommending that the motion be denied. After review of the record in this matter, including the Objection (Doc. 262) filed by the United States to the Report and the Response (Doc. 266) to that Objec-

tion that was filed by First Bank & Trust Services, a Division of Kinetic Leasing, Inc. ("Kinetic"), I agree with the magistrate judge's recommendation that the motion be denied.

## I. Background

The United States initiated this civil forfeiture action on October 30, 2009 by filing a Verified Complaint for Forfeiture in Rem (Doc. 1) against assets that allegedly constitute or are derived from proceeds of unlawful activity—wire fraud offenses committed as part of an international Ponzi scheme that was allegedly operated in part by Pedro Benevides ("Benevides"). The Government later filed an Amended Complaint (Doc. 56), and Kinetic has filed a claim, which it has amended several times, against some of the property sought to be forfeited; the operative claim of Kinetic at this point is the Amended Verified Claim ("Fourth Amended Claim") (Doc. 64) filed on January 27, 2010. In its Fourth Amended Claim, Kinetic asserts that it is a judgment creditor of Benevides and of two companies—Superior International Investments Corp. ("SIIC"), and Skyview Aviation, Inc. ("Skyview")—operated by Benevides, and on that basis, Kinetic claims an interest in the assets at issue.

The Government's Motion to Strike and/or Dismiss (Doc. 199) is now at issue. In that motion, the Government seeks to strike and/or dismiss Kinetic's Fourth Amended Claim on two bases. First, the Government contends that Kinetic lacks standing to contest the forfeiture of assets not titled in the names of Benevides, SIIC, or Skyview. Second, although acknowledging that Kinetic possesses the requisite standing to contest the forfeiture of assets that *are* titled in the name of Benevides, SIIC, or Skyview, the Government, citing Federal Rule of Civil Procedure 12(b), argues that Kinetic has "failed to state a claim for which relief can be granted" even as to those assets because as a matter of law Kinetic cannot demonstrate that it is an "innocent owner" under 18 U.S.C. § 983(d).

## II. Discussion

### A. Overview of Civil Forfeiture Law

The rules pertaining to civil forfeiture proceedings are set forth in 18 U.S.C. § 983 and in Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure.[1] Rule G sets forth the requirement that the Government file a Complaint, *see* Rule G(2), and also provides that "[a] person who asserts an interest in the defendant property"— analogous to an intervenor in a typical civil case—"may contest the forfeiture by filing a claim in the court where the action is pending," Rule G(5)(a)(i). Such a claim "must: (A) identify the specific property claimed; (B) identify the claimant and state the claimant's interest in the property; (C) be signed by the claimant under penalty of perjury; and (D) be served on the government attorney." *Id.; accord* 18 U.S.C. § 983(a)(2)(C). Additionally, after a claimant files a claim, the claimant "must serve and file an answer to the complaint or a motion under Rule 12 within 21 days after filing the claim." Rule G(5)(b).[2]

---

**1.** *See* 18 U.S.C. § 983(a)(4)(A) (providing that "[i]n any case in which the Government files in the appropriate United States district court a complaint for forfeiture of property, any person claiming an interest in the seized property may file a claim asserting such person's interest in the property in the manner set forth in the Supplemental Rules for Certain Admiralty and Maritime Claims").

**2.** As noted in the magistrate judge's Report, Kinetic has not yet file an answer because the case has been stayed. (*See* Doc. 256 at 2 n. 2). The Report recommends that Kinetic be directed to file an answer within twenty-one

Rule G also provides for the filing of certain motions, including the filing by a claimant of a motion to dismiss the action, *see* Rule G(8)(b), and the filing by the Government of a motion to strike a claim or an answer, *see* Rule G(8)(c). With regard to the latter, the Rule states that "the government may move to strike a claim or answer: (A) for failing to comply with Rule G(5) or (6), or (B) because the claimant lacks standing." Rule G(8)(c)(i). If the case proceeds to trial, the Government bears the burden of establishing the forfeitability of the property by a preponderance of the evidence. *See* 18 U.S.C. § 983(c)(1). If the Government is successful in doing so, claimants then have an opportunity to establish the "innocent owner defense," an affirmative defense that is provided for in 18 U.S.C. § 983(d)(1). *See id.* ("An innocent owner's interest in property shall not be forfeited under any civil forfeiture statute.").

### B. The Merits of the Government's Motion

#### 1. Standing As to "Untitled" Assets

The Government first contends that Kinetic lacks standing to assert an interest in assets not titled to Benevides, SIIC, or Skyview.

There are two types of standing involved in civil forfeiture cases—Article III standing, which is at issue in every federal case and requires that there be an actual "case" or "controversy," and "statutory standing," which requires that a claimant satisfy statutory requirements. *See generally United States v. $38,000.00 in U.S. Currency,* 816 F.2d 1538, 1543–47 (11th Cir.1987). The Government argues in this part of its motion both that Kinetic lacks Article III standing with regard to these assets because it does not have a colorable interest

sufficient to confer such standing and that Kinetic lacks statutory standing because it cannot establish that it is an "owner" of these assets within the definition of 18 U.S.C. § 983(d)(6).

#### a. Article III Standing

In order to have Article III standing in a civil forfeiture case, a claimant must have a "facially colorable interest" in the property at issue, and courts have repeatedly noted that this standard is not difficult to satisfy. *See, e.g., United States v. One–Sixth Share,* 326 F.3d 36, 41 (1st Cir.2003) ("At the initial stage of intervention [by a claimant in a civil forfeiture case], the requirements for a claimant to demonstrate constitutional standing are very forgiving. In general, any colorable claim on the defendant property suffices."); *United States v. $557,933.89, More or Less,* 287 F.3d 66, 79 (2d Cir.2002) ("[T]he only question that the courts need assess regarding a claimant's standing [in a civil forfeiture proceeding] is whether he or she has shown the required 'facially colorable interest,' not whether he ultimately proves the existence of that interest." (citation omitted)).

Kinetic's claim to the "untitled" assets is rooted in allegations made by the Government regarding efforts made—in the course of the underlying criminal activity—to conceal the true ownership of certain assets. Essentially, Kinetic is asserting that it has an interest in whatever assets are owned by Benevides, SIIC, and Skyview—including assets as to which there may be an unresolved issue as to ownership due to concealment of true ownership. The issue of ownership is for a later stage of the proceeding, but at this point Kinetic has adequately set forth its

days of the lifting of the stay. (*See id.* at 14). That recommendation is adopted later in this

Order.

alleged interest in the subject property—even property as to which title has not yet been determined—so as to have Article III standing to contest the forfeiture requested by the Government.

### b. *Statutory Standing*

The Government also argues that Kinetic "lacks statutory standing to contest a forfeiture" as to the untitled assets because it cannot demonstrate that it is an "owner" as defined in 18 U.S.C. § 983(d)(6). (*See* Doc. 199 at 5). However, whether Kinetic is an "owner" is not germane to the issue of whether it has statutory standing to contest the forfeiture.

■ As the Eleventh Circuit recently noted, "standing" and "ownership" are distinct concepts in civil forfeiture law. *See United States v. One 1990 Beechcraft, 1900 C Twin Engine Turbo–Prop Aircraft,* 619 F.3d 1275, 1277 n. 3 (11th Cir.2010) ("The district court cast its ruling in terms of 'statutory standing,' reasoning that because [the claimant] was not the 'owner' of the plane, it lacked 'statutory standing' to raise the innocent owner defense at all. 'Although many cases refer to [the statutory definition of ownership] as part of the "standing" inquiry, it is in fact an element of the innocent owner's claim on the merits . . . .' " (second alteration in original) (quoting *United States v. One Lincoln Navigator 1998,* 328 F.3d 1011, 1014 (8th Cir.2003))). Although the two issues are sometimes blurred in reported decisions, they should properly remain separate because they pertain to different stages of the forfeiture case. *See* Stefan D. Cassella, *Asset Forfeiture Law in the United States* 332 (2007) ("Standing and ownership are separate concepts that are often confused in the case law. . . . [S]tanding and ownership come into play at different stages in the civil forfeiture case and are governed by different bodies of law.").

The Government's argument that Kinetic lacks statutory standing because it cannot establish that it comes within the statutory definition of "owner" is without merit. Kinetic has statutory standing because it has complied with the requirements of 18 U.S.C. § 983(a)(2) and Rule G(5)(a) regarding the filing of a claim. The definition of "owner" and the elements of the "innocent owner defense" set forth in 18 U.S.C. § 983(d) do not relate to the standing inquiry, and the Government's motion to dismiss Kinetic's claim for lack of statutory standing is denied.

### 2. *Failure to State a Claim*

The Government's second argument is that—even as to property titled in the name of Benevides, SIIC, or Skyview—Kinetic "fails to state a claim for which relief can be granted" because Kinetic cannot as a matter of law establish that it is an "innocent owner" even though in its Fourth Amended Claim Kinetic has referred to itself as an "innocent owner." The Government moves to dismiss Kinetic's Fourth Amended Claim altogether on this basis.

Although the Government does not couch its argument regarding the "titled" assets in terms of statutory standing, the crux of its argument regarding Kinetic's "failure to state a claim" is essentially the same as the statutory standing argument it made with regard to the untitled assets. The Government asserts that Kinetic cannot meet the definition of "innocent owner" in 18 U.S.C. § 983(d)(2) or (3) and that therefore Kinetic "fails to state a claim." In making this assertion, the Government is conflating the issue of a sufficient claim with the issue of the sufficiency of stating and satisfying an affirmative defense that has not yet become an issue in the case.

Again, the issue of "ownership" or "innocent owner" does not relate to either

standing or to the sufficiency of a claim. *See, e.g., One 1990 Beechcraft,* 619 F.3d at 1277 n. 3. As one author has aptly explained, "[a] person with standing to contest the forfeiture can engage in pre-trial discovery, file dispositive motions, put the Government to its proof in the first phase of the forfeiture trial ..., and otherwise litigate the forfeiture case whether or not he ever asserts innocent ownership as an affirmative defense to the forfeiture." Cassella, *supra,* at 334. The innocent owner affirmative defense has not yet been raised in this case, and any discussion of it is premature at this point.

The innocent owner defense is typically asserted in a claimant's answer, not in its claim, and the burden of establishing an innocent owner defense does not arise until after the Government meets its burden of establishing the forfeitability of the subject property in the first instance. In its Fourth Amended Claim, Kinetic did include "innocent owner" language[3]; however, the inclusion of such language should not and does not affect sufficiency of an otherwise properly stated claim. A claimant's claim in a civil forfeiture action needs to include what is required by Rule G(5)(a) and 18 U.S.C. § 983(a) but need not include an "innocent owner defense" because such a defense is an affirmative defense that should be asserted in an answer and may be attacked by the Government at a later stage of the case.

The Government has conceded that Kinetic has standing to file a claim, at least insofar as it pertains to assets titled in the name of the judgment debtors. Even if Kinetic is unable to later state a legally adequate innocent owner defense or to es-

tablish such a defense once the Government first proves the forfeitability of the property, the proper remedy would not be "dismissing" Kinetic's claim altogether. Whether Kinetic is an "innocent owner" is not relevant to whether Kinetic is a proper claimant at this stage of the case. No basis for dismissal or striking of Kinetic's claim has been presented, and the second portion of Kinetic's motion is therefore denied.

### III. Conclusion

In accordance with the foregoing, it is **ORDERED** as follows:

1. To the extent that it is not inconsistent with this Order, the Report and Recommendation filed on December 2, 2010 (Doc. 256) is **ADOPTED.**

2. The United States' Motion to Strike and/or Dismiss Fourth Amended Claim of Kinetic (Doc. 199) is **DENIED** in all respects.

3. This case is currently stayed. Within twenty-one days of the lifting of the stay, Kinetic shall file an answer pursuant to Rule G(5)(b) or a motion to dismiss pursuant to Rule G(8)(b).

## REPORT AND RECOMMENDATION

GREGORY J. KELLY, United States Magistrate Judge.

TO THE UNITED STATES DISTRICT COURT:

This cause came on for consideration without oral argument on the following motion:

---

3. In its Objections to the magistrate judge's Report, the Government notes in part: "The United States agrees that at this early stage in the proceeding it is inappropriate to address the merits of Kinetic's innocent owner defense. **In fact, Kinetic has yet to assert an** **innocent owner defense because it has not filed an answer.** Nonetheless, Kinetic asserted in its claim to the defendant assets—including non-Judgment Debtor asserts—that it is an 'innocent owner' under section 983." (Doc. 262 at 9) (emphasis added).

**MOTION:** UNITED STATES' MOTION TO STRIKE AND/OR DISMISS FOURTH AMENDED CLAIM OF KINETIC FOR THE ASSETS INCLUDED IN THE UNITED STATES' AMENDED COMPLAINT FOR FORFEITURE IN REM (Doc. No. 199)

**FILED:** March 29, 2010

---

THEREON it is RECOMMENDED that the motion be DENIED.

## I. *BACKGROUND.*

On October 30, 2009, the United States (the "Government") filed a Verified Complaint for Forfeiture In Rem (the "Complaint") regarding certain assets set forth in "Attachment A" to the Complaint. Doc. No. 1. On January 20, 2010, the Government filed an Amended Verified Complaint for Forfeiture In Rem (the "Amended Complaint") which added additional assets to "Attachment A." Doc. No. 56.

On January 27, 2010, First Bank & Trust Leasing Services, a division of Kinetic Leasing, Inc. ("Kinetic") filed a Fourth Amended Verified Third–Party Claim of Interest (the "Claim"). Doc. No. 64. Kinetic's Claim alleges that by virtue of two out of state judgments that were domesticated in Florida it has a claim to all assets held in the name of Pedro Benevides ("Benevides"), Superior International

Investment Corporation ("SIIC"), and Skyview Aviation, Inc. ("SVA") (collectively, the "Judgment Debtors"), and any assets truly owned by Benevides that may be held in the name of others. Doc. No. 64 at 2–4, 9–10.[1] Kinetic argues its Claim is entitled to priority because it qualifies as an "innocent owner" under 18 U.S.C. §§ 983(d)(2)(A) or (3)(A). Doc. No. 64.[2]

On March 29, 2010, the Government filed a Motion to Strike And/Or Dismiss Fourth Amended Claim of Kinetic For the Assets Included in the Amended Complaint (the "Motion"). Doc. No. 199. The Motion contains the following arguments: 1) Kinetic lacks standings to assert a claim as to those assets not titled in the name of the Judgment Debtors; 2) pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure, Kinetic has failed to state a claim under Section 983(d)(2)(A) because it is not an innocent owner; 3) pursuant to Rule 12(b)(6), Kinetic has failed to state a claim under Section 983(d)(3)(A) because Kinetic is not a bona fide purchaser or seller for value, and Kinetic was not without cause to believe the property was subject to forfeiture; and 4) pursuant to Rule 12(b)(6), the Government's claim is superior because of the relation-back doctrine, codified at 18 U.S.C. § 981(f). Doc. No. 199.

On October 12, 2010, Kinetic filed a response (the "Response") to the Motion.

---

1. Based upon the judgments, Kinetic makes claim to those assets:

   [S]eized by the [G]overnment from ... Benevides and *in which Benevides has any interest in, or any entity in which Benevides had an interest in, or any person or entity with whom or which Benevides conspired with, aided and abetted, or was an accessory before or after the fact, or person or entity whom or which conspired with, aided and abetted, or was an accessory after the fact to Benevides,* including but not limited to, Rojo Filho, Superior International Investment Corporation, Skyview Aviation, Inc., Evolution Marketing Group, ..., DWB Holding

   Company, Obbalube Investment Corporation, Crown Gold, Inc., *and/or any other person or entity attempting to assist Benevides disguise and conceal his assets,* accounts, and monies, including [the Assets listed in the Government's Amended Complaint].

   Doc. No. 64 at 3–4 (emphasis added).

2. After a claimant files a claim, Rule G(5)(b) of the Supplemental Rules requires a claimant to file an answer to the Government's verified complaint. *Id.* In this case, however, Kinetic has yet to file an answer due to the Motion and because the case has been stayed. *See* Doc. Nos. 199, 215.

Doc. No. 245.[3] In the Response, Kinetic argues that it has standing to assert a claim as to those assets which are in fact the property of Benevides even if they are not titled in the name of the Judgment Debtors. Doc. No. 245 at 5–14. Kinetic maintains that it has adequately asserted a claim under Section 983(d)(2)(A) and the relation-back doctrine cannot be used to defeat its Claim at the pleading stage. Doc. No. 245 at 14–16. Finally, Kinetic contends that it has adequately stated a claim for relief under Section 983(d)(3)(A) because it is a bona fide purchaser for value and was without cause to believe that the property was subject to forfeiture. *See generally* Doc. No. 245 at 6.[4]

## II. *ANALYSIS.*

### A. *Motion to Strike for Lack of Standing.*

#### 1. Standard of Review.

In order to assert a claim against civil forfeiture, a claimant must demonstrate that it has both Article III and statutory standing. *United States v. $38,000.00 in United States Currency,* 816 F.2d 1538, 1543, 1545 (11th Cir.1987). Standing "is the threshold question in every federal case, determining the power of the court to entertain the suit." *Warth v. Seldin,* 422 U.S. 490, 499, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975). The Eleventh Circuit has held that a claimant can satisfy Article III standing by demonstrating the existence of an injury by establishing either an ownership or lesser possessory interest in the property. *Via Mat Int'l South America Ltd. v. United States,* 446 F.3d 1258, 1262–63 (11th Cir.2006); *United States v.*

$500,000.00, 730 F.2d 1437, 1439 (11th Cir. 1984). Statutory standing, on the other hand, refers to satisfying the standards set forth in 18 U.S.C. § 983(a)(2)(C), and Rule G(5)(a), Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, Federal Rules of Civil Procedure (the "Supplemental Rules"). *U.S. v. $12,126.00 in U.S. Currency,* 337 Fed. Appx. 818, 819–820 (11th Cir.2009) (unpublished) (citing *United States v. $38,000.00 in U.S. Currency,* 816 F.2d 1538, 1544–45 (11th Cir.1987)).[5]

"[A] claimant asserting that he has standing to contest a forfeiture bears the burden at all stages of litigation of establishing his interest." *United States v. $960,000.00 in United States Currency,* 307 Fed.Appx. 251, 255 (11th Cir.2006) (unpublished). "In other words, the claimant must move forward 'with the manner and degree of evidence required at the successive stages of the litigation.' " *Id.* (quoting *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 561, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992)). Thus, the United States Supreme Court has held:

At the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice, for on a motion to dismiss we presume that general allegations embrace those specific facts that are necessary to support the claim. In response to a summary judgment motion, however, the plaintiff can no longer rest on such mere allegations, but must set forth by affidavit or other evidence specific facts which for purposes of the summary judgment motion will be taken as true. And at the final

---

**3.** On October 1, 2010, the Court entered an order permitting Kinetic to file a response to the Motion. Doc. No. 244.

**4.** On October 29, 2010, after being granted leave by the Court, the Government filed a reply (the "Reply") to the Response, wherein

it simply reasserts the same arguments raised in the Motion. Doc. No. 248.

**5.** In the Eleventh Circuit, unpublished decisions are not binding, but are persuasive authority.

stage, those facts (if controverted) must be supported adequately by the evidence adduced at trial.

*Lujan,* 504 U.S. at 562, 112 S.Ct. 2130. Accordingly, at the initial pleading stage, all that is required to establish standing are the general factual allegations of injury to support Article III standing and factual allegations supporting statutory standing under 18 U.S.C. § 983(a)(2)(C). *See generally United States v. $11,922,300.00 Assorted Brands of Cigarettes,* 2006 WL 850890 at *1 (E.D.Wash. Mar. 20, 2006).

After a verified complaint for civil forfeiture is filed by the Government, "[a]ny person claiming property seized ... may file a claim ...." 18 U.S.C. § 983(a)(2)(A); *see also* Rule G(5)(a)(i) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions (the "Supplemental Rules") ("A person who asserts an interest in the defendant property may contest the forfeiture by filing a claim in the court where the action is pending."). A claim must: "identify the specific property claimed; identify the claimant and state the claimant's interest in the property; be signed by the claimant under penalty of perjury; and be served on the government...." Rule G(5)(a)(i)(A)-(D), Supplemental Rules; *see also* 18 U.S.C. § 983(a)(2)(C). Within twenty-one (21) days after claim is filed, a claimant must serve and file an answer to the complaint or a Rule 12 motion. Rule G(5)(b), Supplemental Rules.

After a claim is filed and any time before trial, the Government may move to strike the claim or answer under Rule G(8)(c), Supplemental Rules. *Id.* Rule G(8)(c) provides:

> [T]he [G]overnment may move to strike a claim or answer:
> (A) for failing to comply with Rule G(5) or (6), or
> (B) because the claimant lacks standing.

*Id.* Thus, according to the Supplemental Rules, the Government may move to strike a claim for lack of standing. *Id.*

### 2. Kinetic's Standing As To Those Assets Not in the Name of the Judgment Debtors.

█ The Government has conceded that Kinetic has standing to assert a claim as to those assets titled in the name of the Judgment Debtors. Doc. No. 199 at 3. However, the Government contends that Kinetic lacks standing to assert a claim against any other defendant assets. In order to satisfy statutory standing, a claimant must: "identify the specific property being claimed; state the claimant's interest in such property; and be made under oath...." 18 U.S.C. § 983(a)(2)(C). *See also* Rule G(5)(a)(i)(A)-(D), Supplemental Rules. Section 983(d)(6)(A) defines the term "owner" as "a person with an ownership interest in the specific property sought to be forfeited, including a leasehold, *lien,* mortgage, recorded security interest, or valid assignment of an ownership interest...." *Id.* (emphasis added).[6]

In this case, Kinetic has identified the specific property being claimed (*see* Doc. No. 64 at 2–10), stated Kinetic's interest in that property—the liens resulting from the domestication of the judgments (*see* Doc. No. 64 at 2–3), and made the Claim under oath (Doc. No. 64 at 11). That is all Kinetic is required to do at this early stage in the proceedings.[7] Accordingly, to the

---

**6.** Section 983(d)(6)(B), specifically excludes the following from the definition of an "owner": "a person with only a general unsecured interest in, or claim against, the property or estate of another; a bailee unless the bailor is identified and bailee shows a colorable legitimate interest in the property seized; or a

nominee who exercises no dominion or control over the property." *Id.*

**7.** *See Via Mat In'l South America Ltd.,* 446 F.3d at 1262–63 (a claimant satisfies Article III standing by showing either an ownership or lesser possessory interest); *$11,922,300.00*

extent the Motion requests that the Court strike the Claim for lack of standing as to those assets not held in the name of the Judgment Debtors, it is recommended that the Court **DENY** the Motion.

### B. *Motion to Dismiss For Failure to State a Claim.*

#### 1. Standard of Review.

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint or counterclaim may be dismissed for failure to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6). In deciding a Rule 12(b)(6) motion to dismiss, a court must accept all factual allegations in the complaint as true and read them in the light most favorable to the plaintiff. *Erickson v. Pardus,* 551 U.S. 89, 127 S.Ct. 2197, 2199, 167 L.Ed.2d 1081 (2007); *Christopher v. Harbury,* 536 U.S. 403, 406, 122 S.Ct. 2179, 153 L.Ed.2d 413 (2002). To satisfy the Rule 8 pleading requirements, a complaint must contain a short and plain statement showing an entitlement to relief, and the statement must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 1964, 167 L.Ed.2d 929 (2007) (citations omitted). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, ... a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 127 S.Ct. at 1964–65 (citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id.* at 1965. Plaintiff must plead enough facts to state a plausible, and not merely conceivable, basis for the claim. *Id.* When considering a motion to dismiss, a court should generally limit that review to "the four corners of the complaint." *St. George v. Pinellas County,* 285 F.3d 1334, 1337 (11th Cir.2002). Dismissal is also warranted under Rule 12(b)(6) if, assuming the truth of the factual allegations of a plaintiff's complaint, there remains a dispositive legal issue which precludes relief. *Neitzke v. Williams,* 490 U.S. 319, 326, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989); *Brown v. Crawford County, Ga.,* 960 F.2d 1002, 1009–10 (11th Cir.1992).

The Supplemental Rules do not contain a specific provision permitting the Government, as it did in the instant case, to assert a motion to dismiss a claim pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure. Rule G(8)(b), does permit *a claimant,* who has first established standing to submit a claim, to "move to dismiss the action under Rule 12(b)." Rule G(8)(b)(i), Supplemental Rules. Therefore, a claimant may move to dismiss the Government's complaint pursuant to Rule G(8)(b)(i), Supplemental Rules. However, Rule G(1), Supplemental Rules, provides that "[t]o the extent that this rule does not address an issue, ... the Federal Rules of Civil Procedure also apply." *Id.* Other courts have permitted the Government to move to dismiss a claim at the initial pleading stage under Rule 12(b)(6) or construed the Government's Rule 12(b)(6) motion as a motion to strike under Rule 12(f). *See United States v. 74.05 Acres of Land,* 428 F.Supp.2d 57, 60 n. 2 (D.Conn.2006) (dis-

*Assorted Brands of Cigarettes,* 2006 WL 850890 at *1 (E.D.Wash. Mar. 20, 2006) ("In order to assert the innocent owner defense, claimants must have a colorable interest in the property.... Plaintiff challenged the claimants' assertions that they had a color-

able interest.... At this point in the proceedings, the Court accepts the claimants' claims ... as true. Because questions of fact exist regarding this issue, it would be better handled on a motion for summary judgment after discovery has been completed.").

missing third-party claim for lack of standing).[8]

Rule 12(f), Federal Rules of Civil Procedure, governs the sufficiency of affirmative defenses. *Id.* Pursuant to Fed.R.Civ.P. 12(f), the Court may strike "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." *Id.* A court may strike an affirmative defense if the defense is insufficient as a matter of law. *Microsoft Corp. v. Jesse's Computers & Repair, Inc.,* 211 F.R.D. 681, 683 (M.D.Fla.2002) (citing *Anchor Hocking Corporation v. Jacksonville Electric Authority,* 419 F.Supp. 992, 1000 (M.D.Fla. 1976)). Affirmative defenses may be insufficient as a matter of law if they fail to meet the general pleading requirements of Fed.R.Civ.P. 8. *Microsoft Corp. v. Jesse's Computers & Repair, Inc.,* 211 F.R.D. 681, 684 (M.D.Fla.2002) (citing *Anchor Hocking Corporation v. Jacksonville Electric Authority,* 419 F.Supp. 992, 1000 (M.D.Fla. 1976)); *McGlothan v. Walmart Stores, Inc.,* 2006 WL 1679592 *1 (M.D.Fla.2006). Pursuant to Rule 8(b) of the Federal Rules of Civil Procedure, a defendant must "state in short and plain terms its defenses to each claim asserted against it" and Rule 8(d)(1) requires that "each allegation must be simple, concise, and direct." Fed. R.Civ.P. 8(b) and (d)(1).

To the extent the Motion seeks relief pursuant to Rule 12(b)(6), it is recommended that the Court construe the Motion as a motion to strike under Rule 12(f) because the Claim is a responsive pleading or precursor to an answer.

### 2. Forfeiture and the Innocent Owner Defense.

■ The Government bears the initial burden to establish by a preponderance of the evidence that the defendant property seized is subject to forfeiture. 18 U.S.C. § 983(c)(1). If the Government is able to meet its initial burden, then the burden shifts to Kinetic to establish the innocent owner defense. Section 983(d)(1) provides that an "innocent owner's interest in property shall not be forfeited under any civil forfeiture statute. The claimant shall have the burden of proving that the claimant is an innocent owner by a preponderance of the evidence." *Id.* Thus, the innocent owner defense is an affirmative defense.

The innocent owner defense is codified in Section 983(d), which distinguishes between a property interest that was in existence at the time the illegal conduct giving rise to forfeiture occurred—18 U.S.C. § 983(d)(2)(A), versus one that was acquired after the conduct giving rise to forfeiture occurred—18 U.S.C. § 983(d)(3)(A).

### 3. Section 983(d)(2)(A) Defense.

■ Section 983(d)(2)(A) provides:

With respect to a property interest in existence at the time the illegal conduct

---

**8.** The court in *74.05 Acres of Land,* 428 F.Supp.2d at 60 n. 2, stated:

Courts have stricken claims pursuant to Fed.R.Civ.P. 12(f) and dismissed claims to forfeited property *for lack of standing* pursuant to Fed.R.Civ.P. 12(b)(6). In actions such as the instant one, in which the claimants are akin to intervenor-defendants whose claims constitute defenses to the forfeiture actions, Fed.R.Civ.P. 12(f) "provides the proper procedural basis for the government's motion to strike the claims." *United States v. $79,000 in Account Number 2168050/6749900 at Bank of New York,* 1996 WL 648934, *2 (S.D.N.Y. Nov. 7, 1996) (citations omitted); *see also* Fed.R.Civ.P. 12(f) (providing that "upon motion made by a party before responding to a pleading ... the court may order stricken from any pleading any insufficient defense ..."). Substantively, it matters not which is applied here. Rule 12(f) and Rule 12(b)(6) involve the same standards of proof and evidence, so regardless of which is applied, the test involved and the outcome remain the same. *See Day v. Moscow,* 955 F.2d 807, 811 (2d Cir.1992).

*Id.* (emphasis added).

giving rise to forfeiture took place, the term "innocent owner" means an owner who—(i) did not know of the conduct giving rise to forfeiture; or (ii) upon learning of the conduct giving rise to the forfeiture, did all that reasonably could be expected under the circumstances to terminate such use of the property.

*Id.* Thus, in order to establish an innocent owner defense under Section 983(d)(2)(A), for a property interest in existence at the time of the illegal conduct, a claimant must demonstrate by a preponderance of the evidence that it did not know of the conduct or, upon learning of the conduct, reasonably tried to terminate any such use of the property. *Id.*

Kinetic has yet to file an answer under Rule G(5)(b). No formal discovery has taken place.[9] The date the alleged criminal conduct giving rise to forfeiture in this case commenced and the forfeitability of the defendant assets has yet to be established.[10] If the Government is eventually able to meet its burden to establish the forfeitability of the defendant assets by a preponderance of the evidence, the burden of proof would then shift to Kinetic to establish an innocent owner defense under either Section 983(d)(2)(A) or 3(A) by a preponderance of the evidence. 18 U.S.C. § 983(d)(2)-(3).

■ In the Claim, Kinetic asserts that it is an "innocent owner" pursuant to Section 983(d). Doc. No. 64 at 1, 10. The Court must accept the factual allegations contained within the four corners of the Claim as true. *Pardus,* 127 S.Ct. at 2199; *St. George,* 285 F.3d at 1337. At this point in the proceedings, Kinetic has sufficiently alleged a colorable interest in the property sought to be forfeited. *See Lujan,* 504 U.S. at 562, 112 S.Ct. 2130; *$960,000.00 in United States Currency,* 307 Fed.Appx. at 255. Accordingly, to the extent the Motion requests that the Court strike the Claim under Section 983(d)(2)(A), it is recommended that the Court **DENY** the Motion.

4. Section 983(d)(3)(A) Defense.

■ Section 983(d)(3)(A) provides:

With respect to a property interest acquired after the conduct giving rise to the forfeiture has taken place, the term "innocent owner" means a person who, at the time that person acquired the interest in the property—(i) was a bona fide purchaser or seller for value (including a purchaser or seller of goods or services for value); and (ii) did not know and was reasonably without cause to believe that the property was subject to forfeiture.

*Id.* Thus, in order to establish an innocent owner defense under Section 983(d)(3)(A), for a property interest arising after the conduct giving rise to forfeiture occurred, a claimant must demonstrate by a preponderance of the evidence that it was a bona fide purchaser or seller for value and did not know or was reasonably without cause to believe the property at issue was subject to forfeiture. *Id.*

---

9. This case is currently stayed pending the outcome of the criminal investigation, and potential prosecution, of those individuals the Government believes are responsible for the criminal conduct giving rise to this forfeiture proceeding. *See* Doc. Nos. 213, 215.

10. The Government argues as though the date the conduct giving rise to this forfeiture action is an established fact. Doc. No. 199 at 10. However, Kinetic has not yet made any such admission. Nevertheless, that is the premise for most of the Government's remaining arguments. For example, on that basis the Government maintains Kinetic's Claim under Section 983(d)(2)(A) is barred by the relation-back doctrine and Kinetic's can then only pursue a Section 983(d)(3)(A) claim which is ultimately doomed because Kinetic cannot meet the requirements of that subsection.

■ As to Kinetic's Claim under Section 983(d)(3)(A), Kinetic has specifically alleged that it is an "innocent owner, good faith purchaser for value, and lessor entitled to enforce [its] contractual rights and domesticated and recorded collection judgments.... " Doc. No. 64 at 1. The Government disputes these factual allegations, arguing that Kinetic is not an innocent owner under Section 983(d)(3)(A) because Kinetic is not a bona fide purchaser or seller for value, and because Kinetic was not without reason to know that the defendant assets were subject to forfeiture. Doc. No. 199 at 13–17. However, assuming the facts alleged in the Claim are true, Kinetic has adequately stated an affirmative defense.[11] Accordingly, to the extent the Motion requests that the Court strike the Claim as to Section 983(d)(3)(A), it is recommended that the Motion be **DENIED.**

### 5. The Relation–Back Doctrine.

The relation-back doctrine is contained in 18 U.S.C. § 981(f), and provides: "All right, title, and interest in property described in subsection (a) of this section shall vest in the United States upon commission of the act giving rise to forfeiture under this section." *Id.* In *United States v. 92 Buena Vista Avenue,* 507 U.S. 111, 113 S.Ct. 1126, 122 L.Ed.2d 469 (1993), a plurality opinion, the United States Supreme Court considered a prior forfeiture statute which also provided that "[a]ll right, title and interest in property de-

scribed in subsection (a) of this section shall vest in the United States upon commission of the act giving rise to forfeiture under this section." 507 U.S. at 117, 113 S.Ct. 1126. In *Buena Vista,* the Government argued, as it does here, that the claimant could not assert a claim to the property because the relation-back statute vested ownership of the property in the United States "at the moment when the proceeds of an illegal drug transaction were used to pay the purchase price." *Id.* at 123–24, 113 S.Ct. 1126. The Court disagreed and found that the relation-back doctrine, as set forth in the statute and as it was understood at common law, did not make the Government an owner before a final judgment of forfeiture was decreed. *Id.* at 124–129, 113 S.Ct. 1126. The Court noted that to rule otherwise would *"effectively eliminate the innocent owner defense in almost every imaginable case in which proceeds could be forfeited."* *Id.* at 124, 113 S.Ct. 1126 (emphasis added).

The Court held: *"The Government cannot profit from the common law doctrine of relation-back until it has obtained a judgment of forfeiture.* And it cannot profit from the statutory version of that doctrine ... until [the claimant] has had the chance to invoke and offer evidence to support the innocent owner defense.... "* *Id.* at 129, 113 S.Ct. 1126 (emphasis added). Thus, the Court found that the relation-back doctrine "does not automatically vest title to property in the Government," and title is not perfected until the final order or decree of forfeiture is entered. *Id.* at 125–129, 113 S.Ct. 1126.[12]

---

**11.** At this stage in the case, it is inappropriate for the Court to make a finding as to whether or not Kinetic is a bona fide purchaser or seller for value or a factual finding as to whether Kinetic had cause to believe the property at issue was subject to forfeiture.

**12.** Justice Scalia's concurring opinion stated the following:

The Government's argument in this case has rested on the fundamental misconception that, under the common-law relation-back doctrine, all rights and legal title to the property pass to the United States "at the moment of illegal use." Brief for United States 16. Because the Government believes that the doctrine operates at the time of the illegal act, it finds the term "relation back" to be "something of a misnomer." *Ibid.* But the name of the doctrine is not wrong; the Government's understanding of it is. It is a doctrine of retroactive vesting

In *United States v. Bailey*, 419 F.3d 1208, 1212–14 (11th Cir.2005), the Eleventh Circuit held:

> What we take from these cases is that the relation-back doctrine operates *retroactively* to vest title in the Government effective as of the time of the act giving rise to the forfeiture. That is, it does not "secret[ly]" vest title at the very moment of the act, *id.*, but rather title vests at the time of the court-ordered forfeiture and then relates back to the act.

*Id.* (quoting *Buena Vista*, 507 U.S. at 131–32, 113 S.Ct. 1126 (Scalia, J., concurring) (emphasis in original)). Thus, the relation-back doctrine cannot be used to defeat the innocent owner claims of third-parties before a judgment on the merits of the forfeiture action is obtained. *See also United States v. Kaley*, 579 F.3d 1246, 1265 n. 11 (11th Cir.2009) (Tjoflat, J., concurring) ("Our decision in *United States v. Bailey*, 419 F.3d 1208 (11th Cir.2005), further affirms that criminal defendants retain an interest in forfeitable property."). To find otherwise would render the innocent owner defense contained in Sections 983(d)(2)(A) and (3)(A) meaningless.

The Government states that the relation-back doctrine applies to innocent owner claims under paragraphs (2) and (3) of Section 983(d). Doc. No. 199 at 13. The Government correctly acknowledges that the retroactive vesting of title is not effective until the forfeiture is complete. Doc. No. 199 at 9 n. 4. *See Bailey*, 419 F.3d at 1213 (the relation-back doctrine does not operate retroactively until the Government obtains a final order of forfeiture). Accordingly, it is recommended that the Court **DENY** the Motion to the extent it requests that the Claim be stricken based on the relation-back doctrine.

## III. CONCLUSION.

Based on the forgoing, it is recommended that the Court:

1. **DENY** the Motion (Doc. No. 199); and

2. Direct Kinetic to file an answer or motion to dismiss pursuant to Rules G(5)(b) or G(8)(b) within twenty-one (21) days after the stay is lifted.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

**DONE and ORDERED** at Orlando, Florida on December 2, 2010.

---

of title that operates only upon entry of the judicial order of forfeiture or condemnation: "[T]he decree of condemnation when entered relates back to the time of the commission of the wrongful acts, and takes date from the wrongful acts and not from the date of the sentence or decree." *Henderson's Distilled Spirits*, 14 Wall. 44, 56, 20 L.Ed. 815 (1872). "While, under the statute in question, a judgment of forfeiture relates back to the date of the offense as proved, that result follows only from an effective judgment of condemnation." *Motlow v. State ex rel. Koeln*, 295 U.S. 97, 99, 55 S.Ct. 661, 662, 79 L.Ed. 1327 (1935).

The relation-back rule applies only "in cases where the [Government's] title ha[s] been consummated by seizure, suit, and judgment, or decree of condemnation," *Confiscation Cases*, 7 Wall. 454, 460, 19 L.Ed. 196 (1869), whereupon "the doctrine of relation carries back the title to the commission of the offense," *United States v. Grundy*, 3 Cranch 337, 350–351, 2 L.Ed. 459 (1806) (Marshall, C.J.) (emphasis added). *See also United States v. Stowell*, 133 U.S. 1, 16–17, 10 S.Ct. 244, 247–248, 33 L.Ed. 555 (1890), quoted ante, at 1136. *Id.* at 131–32, 113 S.Ct. 1126 (Scalia, J., concurring).